## VAUGHN *et al. v.* YAWN.

LITTLE, J.   1. The office of an injunction being, under the code of this State, merely to restrain and not to compel the performance of an act, this remedy is not available for the purpose of evicting a party from the actual possession of land, the right to which is in dispute between himself and another; and consequently such a result can not be indirectly accomplished by an order restraining the party so in possession "from further interfering with said lot of land, house and crop" thereon. Such an order, being mandatory in its nature, would afford relief not within the proper scope of the writ of injunction. Civil Code, § 4922. *Russell v. Mohr-Weil Lumber Company*, 102 *Ga.* 563.

2. Applying this established rule to the facts of the present case, the court erred in granting the injunction "as prayed for."

*Judgment reversed.   All the Justices concurring.*

Submitted October 25, — Decided November 30, 1897.

103b 557
105  494

103  557
Case 2
115  344

103  557
125  367

103  557
Case 2
j128  773

Injunction.    Before Judge Smith.    Telfair county.    May 27, 1897.

*W. L. Wright* and *E. D. Graham*, for plaintiffs in error.
*Eason & McRae*, contra.