## MIZE *v.* HERRING.

A solvent claimant of land in possession of it through his tenant, who is not committing waste or doing any act tending to injure the property, will not be enjoined from entering upon the land at the instance of another claimant, alleging himself to be the true owner. The latter's remedy at law is complete.
MARCH 14, 1912.

Injunction. Before Judge Frank Park. Decatur superior court. November 21, 1911.

*Russell & Custer,* for plaintiff in error. *R. R. Terrell,* contra.

EVANS, P. J. The exception is to the grant of an interlocutory injunction. The plaintiff alleged: that the defendant, F. A. Mize, sold a certain lot of land to A. D. Oliver and executed his warranty deed; that Oliver entered into possession of the premises and proceeded to build a house, which is partly unfinished; that Oliver was adjudicated a bankrupt, and Frank S. Jones was appointed as trustee; that the trustee under proper order sold the lot of land to

C. A. Knight; that at the time the land was seized by the trustee Oliver was in possession of the same; that Knight afterwards sold the land to petitioner and put him in possession thereof; that the plaintiff is thus the owner of the land and in possession of the muniments of title; that he posted two notices on the house, warning persons not to trespass upon the premises; that Mize afterwards posted upon the house a similar notice warning trespassers off the land; that on the 30th of October the plaintiff had to leave the town of Climax, where the land was situated, and on his return in the afternoon he found that the defendant had been upon the land and had torn down the trespass notices which had been posted by the plaintiff; that the defendant's entering upon the land and putting up his notice warning trespassers, and tearing down notices that had been posted by the plaintiff, were willful acts of trespass, and attempts on the part of the defendant to exercise ownership over the plaintiff's land, when he knew that he had no title to it; that these acts of trespass are an injury to plaintiff's title, which will cause irreparable damage and will require a multiplicity of suits for damages, unless the defendant is restrained from trespassing on the premises. The prayer was, to enjoin the defendant from trespassing as set out in the petition, and from interfering with the plaintiff's possession of the land.

The defendant filed his answer under oath, averring: that he is the owner of the land; that one Oliver, with a purpose to cheat and defraud him, induced him to make a deed to the land and accept in payment therefor Oliver's check on the Bank of Climax, a private bank, of which Oliver was the sole owner; that Oliver induced the defendant to deposit the check in his bank; that Oliver was insolvent at the time; that there were no funds in the bank for payment of the check, but this was unknown to the defendant; that shortly thereafter it was discovered that Oliver was an escaped convict, and he fled from Climax and abandoned the property, of which he had sought to defraud this defendant; that the defendant entered into possession thereof and was in possession at the time Oliver was adjudicated a bankrupt and a trustee appointed; that at the trustee's sale he gave public notice that he was in possession of the property and that Oliver had no title thereto, and warned the public of the nature of his claim; that the land was purchased by Knight, who quitclaimed his interest to the plaintiff. He ad-

mitted removing the notices which the plaintiff had put upon the land, and that he had placed thereon notices warning persons not to trespass thereon. He averred that he was solvent and able to respond in damages to the plaintiff for any judgment the court may award against him. He denied that the plaintiff had sustained any damage, or that any multiplicity of suits will ensue from his possession of the land; and averred that the remedy of the plaintiff was full and ample to protect whatever rights he might have. On the interlocutory hearing the plaintiff introduced evidence tending to support the allegations of his petition, and the defendant introduced no evidence. The court passed an order " that the said F. A. Mize be and is hereby restrained from further entering upon said land, except that his tenant may enter thereon to gather the crop growing upon same within a reasonable time; and the petitioner herein is permitted to complete the house upon said property pending the further judgment of the court." To this judgment the defendant excepted.

The adjudication by the court that the defendant's tenant may enter upon the land for the purpose of gathering his growing crop is an adjudication that the defendant is in possession of the land, or at least that portion of it upon which the crop is growing. The house was alleged to be unfinished; but its character, the point to which the work of construction had advanced, or the necessity of its immediate completion to prevent deterioration or waste, was neither alleged nor proved. The plaintiff did not allege or prove that the defendant was insolvent; on the other hand, the defendant answered under oath that he was solvent and fully able to respond to any judgment which the plaintiff may recover against him by reason of the facts alleged. The only acts charged to be trespasses are the defendant's retention of possession, the tearing down of the plaintiff's placard of warning to trespassers, and substituting therefor his own placard forbidding trespassers on the land. Therefore the case as made before the judge on interlocutory hearing is one where two persons are claiming title to the same land, one of whom is in possession, and who is solvent and doing no act to the injury of the property, and the other claimant is seeking to enjoin the one in possession, who is solvent, from further remaining in possession and exercising acts indicating ownership, which are not injurious to the property. The remedy of the plaintiff by action at

law to recover the land and mesne profits or to recover damages for any act of trespass is full and complete, and there is no necessity for injunctive relief.

Furthermore, the scope and effect of the judgment complained of is to evict the defendant in actual possession and permit the plaintiff to enter for the purpose of completing the house. "The office of an injunction being, under the code of this State, merely to restrain and not to compel performance of an act, this remedy is not available for the purpose of evicting a party from the actual possession of land, the right to which is in dispute between himself and another; and consequently such a result can not be indirectly accomplished by an order restraining the party so in possession 'from further interfering with said lot of land, house and crop' thereon. Such an order, being mandatory in its nature, would afford relief not within the proper scope of the writ of injunction. Civil Code [1895], § 4922." *Vaughn* v. *Yawn,* 103 *Ga.* 557 (29 S. E. 759); *Glover* v. *Newsome,* 134 *Ga.* 376 (67 S. E. 935). The court erred in granting the temporary injunction.

*Judgment reversed. All the Justices concur.*