## Brown v. Toole, administratrix.

George, J. Mrs. Zula B. Toole, as administratrix of the estate of Joe Toole, filed a petition for injunction against C. A. Brown, and in substance alleged, that as administratrix she was in possession of a certain farm in Miller county; that she employed the defendant, her brother, to superintend the farm; that defendant's services proved to be unsatisfactory, and she discharged him; that defendant, who was insolvent, refused to vacate the premises or to surrender the control of the same to plaintiff, and was interfering with the farm laborers and disposing of the personal property of the estate. Defendant answered, and in a cross-petition admitted that he went into possession of the land as general manager, but alleged that he afterwards purchased from the administratrix individually, under an executed parol contract, a two-sevenths undivided interest in the land and personal property, and that at the time of the filing of the petition (September 12, 1919) he was in the actual adverse possession of the land and personalty, asserting title to an undivided interest therein. He also alleged that he was operating the farm for the administratrix under a copartnership agreement, by the terms of which he and plaintiff were to account to the estate for rents and profits. Upon the interlocutory hearing it appeared that the intestate died in 1917, leaving his widow, the plaintiff, and six children as his heirs at law. Three of the children were of age. The widow purchased the interest of the adult children, and elected to take a one-seventh undivided interest in the estate in lieu of dower. No settlement with the minor heirs had been made. The evidence tended to show that the defendant was insolvent. The court enjoined defendant from interfering with plaintiff's possession of the land and personalty, from selling any of the personalty, from interfering with the laborers on the farm, and " from withholding any of the buildings or residences on said farm, . . . and from trespassing on said farm, as prayed." The defendant excepted: *Held*:

1. In so far as defendant was enjoined from interfering with the plaintiff's possession of the land and personalty, from selling any of the personalty, and from interfering with the laborers on the farm, the injunction was authorized by the evidence.

2. In so far as the defendant was enjoined from withholding possession of the buildings on the farm from the plaintiff, the order was mandatory in its nature, and is not within the proper scope of the writ of injunction in this State. Civil Code, § 5499; *Russell* v. *Mohr-Weil Lumber Co.*, 102 *Ga.* 563 (29 S. E. 271); *Vaughn* v. *Yawn*, 103 *Ga.* 557 (29 S. E. 759); *Glover* v. *Newsome*, 134 *Ga.* 375 (67 S. E. 935); *Kerr* v. *Black*, 137 *Ga.* 832 (74 S. E. 535); *Wilkes* v. *Folsom*, 149 *Ga.* 512 (101 S. E. 185).

3. The cases of *Mackenzie* v. *Minis*, 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723), and *Marshall* v. *Matthews*, 149 *Ga.* 370 (100 S. E. 103), where in each case the defendant

asserted no claim of title or right of possession adverse to the plaintiff, but claimed possession under a contract which the court construed to create the relation of employer and employee, are distinguishable upon their facts from the present case. The ruling made in these cases will not be extended.

*Judgment affirmed in part and reversed in part. All the Justices concur, except*

ATKINSON, J., dissenting from the ruling announced in the 2d headnote. On conflicting evidence the judge was authorized to find that the only relation between the plaintiff and the defendant was that of employer and employee; and consequently the principle of *Mackenzie* v. *Minis*, and *Marshall* v. *Matthews* (cited in headnote 3) applies.

No. 1704. MAY 13, 1920.

Injunction. Before Judge Worrill. Miller superior court. September 27, 1919.

*W. I. Geer,* for plaintiff in error.    *N. L. Stapleton,* contra.