## HARVEY *v.* HARVEY.

The interlocutory injunction granted in this case, in so far as it required the defendant to remove from the dwelling of the petitioner, with her household goods, is in effect a mandatory injunction, which, under the provisions of the Civil Code, § 5499, can not be granted in this State.

No. 1586. MAY 15, 1920.

Injunction. Before Judge Pendleton. Fulton superior court. June 27, 1919.

*Hines, Hardwick & Jordan, Alvin L. Richards,* and *E. M. & G. F. Mitchell*, for plaintiff in error.

*Herbert J. Haas* and *Branch & Howard*, contra.

FISH, C. J. The facts in this case are substantially as follows: A wife sued her husband for divorce. He, in a cross-action, denied the allegations of her petition, and, on certain grounds set up, prayed that a divorce be granted him, and that the wife be "enjoined from going about . • . the home of this defendant, or from molesting or attempting to molest this defendant and his . . tenants." In an amendment to his cross-petition the husband prayed: "if the court should hold that on account of the fact that she [the wife] was already in defendant's home at the time the restraining order was issued, [and if] the restraining order did not have the effect of

requiring her to move out, defendant prays that the court grant a further restraining order against her, enjoining her from continuing to trespass upon the property of this defendant, or such other order as the court may deem proper in order to protect the rights of this defendant in said matter." On a preliminary hearing it appeared that the wife was in the occupancy of a portion of a dwelling belonging to the husband prior to the issuance of the restraining order granted by the judge upon the presentation of the husband's cross-petition. It further appeared that subsequently to the institution of the wife's action there was an adjustment between her and the husband as to matters of alimony and counsel fees, and judgment of the court was rendered in pursuance of such agreement. The wife submitted evidence tending to show, that after bringing her suit there was a reconciliation between herself and the husband, and an agreement by them to resume the marital relations, and that accordingly they thereafter lived together as husband and wife in a house other than that known as 396 Auburn Avenue, and, in pursuance of such reconciliation, she directed her attorney to dismiss her action for divorce, and understood that this had been done; that at her husband's invitation and desire she removed her furniture and household goods from the house in which they had been living into a dwelling owned by him at 396 Auburn Avenue, and that she had in nowise interfered with his tenants who occupied other rooms in such dwelling. The husband admitted that, "At the time the officer got there with the restraining order, she [his wife] had already moved into the house." He submitted evidence tending to show, that there had been no reconciliation between himself and his wife; that he never invited nor desired her to move her belongings into his house, but, on the contrary, learning that she was preparing to do so, went to the house and there found her furniture and household goods on the porch; that he thereupon objected to her putting them into the house, and protested against her doing so, and that after he left she opened a rear door with a pass-key, which he had not furnished her, and placed her furniture and other household goods in the house; that he had rented portions of the house to tenants, and they objected to her remaining in the house, and would not stay there if she remained. The judge, after hearing the evidence, granted an interlocutory injunction, enjoining the wife, "from continuing to go on or in the property [396 Auburn Avenue], and from

interfering with him [the husband] and his tenants in the possession, use, and enjoyment of said property, and from keeping her goods, property and effects on said property. . . The said plaintiff [the wife] is allowed until five o'clock p..m., June 28, 1919, to remove her property from said 396 Auburn Ave." The date of the order is June 27, 1919. The wife excepted.

The Civil Code, § 5499, declares: "An injunction can only restrain; it can not compel a party to perform an act. It may restrain until performance." There are many decisions of this court wherein the provisions of this section have been applied, and holding that a mandatory injunction can not be granted in this State. The order granted in the present case, if enforced, would result in compelling the wife to remove with her furniture and other household goods from the dwelling, a part of which she occupied, and would, in effect, dispossess her, and admit the husband into possession of the premises in controversy. In other words, it would enjoin the wife out of possession, and place the husband in possession. This can not be done by a writ of injunction in this State. *Brown* v. *Toole,* ante, 196 (103 S. E. 226).

*Judgment reversed.* All the Justices concur, except Beck, P. J., and *Atkinson, J., dissenting.*