## ALLEN *et al. v.* POTTER.

1. The petition of the plaintiff, alleging title to a given tract of land in herself, unlawful cutting of trees thereon, and her unlawful ouster therefrom, set up a cause of action in trespass; and she could recover in trespass for such damages sustained by her in consequence thereof, the same being to the freehold, although she had rented the land to a tenant for the year in which the trespass was committed.

2. The special demurrer to the petition, on the ground that it did not set out the deed under which the plaintiff claims title, or make profert thereof to the court, is a speaking demurrer and was properly overruled, the plaintiff claiming in her petition title by prescription.

3. The special demurrer to the petition, on the ground that it seeks to enjoin a trespass upon the land in the possession of the tenant, and in one paragraph thereof complains of an injury to the tenant and not to the plaintiff, was properly overruled, these facts showing no reason why the petition as a whole should be dismissed, and the special demurrer not being directed alone to that portion of the petition alleging injury to the tenant.

4. The special ground of demurrer that the petition shows that the injury alleged to have been done was done to the tenant and not to the plaintiff is not well taken, injury to the freehold being alleged in the petition.

5. The amendments allowed to the plaintiff's petition were germane to the relief sought in the original petition, and did not set up a new cause of action.

6. The verdict is supported by the evidence.

No. 2386. FEBRUARY 21, 1922.

Equitable petition.　　Before Judge Park.　　Baldwin superior court.　December 1, 1920.

Ellen M. Potter brought suit against Arthur Allen and Louisa Allen on February 15, 1919, in which she alleged that she was the owner of a certain described tract of land containing thirteen acres; that on February 22, 1895, she bought from Susan Potter a tract of land containing forty-five acres, including the above tract of thirteen acres, immediately went into possession thereof, and remained in the open, notorious, continuous, peaceable, and adverse possession thereof under bona fide claim of right for more than twenty years; that Arthur and Louisa Allen were fully aware of her title, possession, and claim of right; that their conduct, hereinafter more fully described, is arbitrary, utterly without excuse, and in disregard of her rights; that on January 24 they took possession of said tract of thirteen acres, ran across said tract of forty-five acres a wire fence 250 yards in length, thus cutting off from said body of land said thirteen acres, and claimed that they would insist upon occupying and cultivating said thirteen acres; that in October, 1913, Louisa Allen bought from Clara B. Walker a tract of land containing thirty-seven acres, which bounds said thirteen acres; that Louisa and Arthur Allen went into possession of said thirty-seven acres, and have been continuously in possession of it since said date; that during 1914 the lines between her tract of land and that of said Louisa Allen were run by J. H. Gladden, surveyor, of Baldwin county, by mutual consent of the adjoining landowners, and the line for which the plaintiff contends was fully agreed on in the presence of witnesses; that in 1917 the lines were again run, at which time Arthur Allen, representing Louisa Allen, was present, and he then and there fully recognized the correctness of the line as contended for by her; that she has rented said tract of land for the present year to D. W. Quinn, who is now preparing to cultivate the same; that unless the defendants are enjoined from interfering with the possession of her said thirteen acres of land, it will cause a great loss and inconvenience to her and to him; that the defendants are insolvent; that at the time they built the fence hereinbefore referred to they wilfully cut down at least one hundred pine trees on said thirteen acres, of the value of one dollar each, and used them for the making of posts for the construction of said fence.　　The plaintiff

prayed for judgment for the value of said trees, and that Arthur and Louisa Allen be enjoined from entering upon, trespassing upon, or in any way undertaking to take possession of said thirteen acres of land.

The plaintiff filed an amendment alleging that the fee-simple title to the thirteen acres of land is in her, and prayed the judgment of the court declaring the title to be in her. By another amendment she alleged that the rental value of the thirteen acres is five dollars per acre per year, and that the total amount of rent claimed to date was $135. The defendants objected to the first amendment, on the ground that it was not germane; and to the second amendment, on the grounds that it was not germane, and undertook to set up a new cause of action. The court overruled these objections, and allowed both amendments; to which the defendants excepted. The defendants demurred generally to the petition, on the ground that it set out no cause of action; and they demurred specially on the grounds: (1) that the petition failed to set out the deed under which petitioner claims title, or to make profert thereof; (2) that the petition seeks to enjoin a trespass upon land therein described, in the possession of a tenant of the plaintiff, and paragraph four thereof complains of the injury to her tenant and not to herself; (3) that the petition shows on its face that the alleged injury was done, not to plaintiff, but to her tenant. The court overruled both demurrers, and the defendants excepted pendente lite. They assign error on these exceptions.

The defendants moved for a new trial on the formal grounds, which were overruled; and error is assigned on the judgment refusing a new trial.

*Edward R. Hines* and *George S. Carpenter,* for plaintiffs in error. *Allen & Pottle,* contra.

HINES, J. (After stating the foregoing facts.)

1. The plaintiff's petition, as amended, set out a cause of action in trespass. She alleged title in herself to the land, a trespass thereon by the defendants by cutting one hundred or more trees thereon, of the value of one hundred dollars, the erection of a wire fence cutting off the thirteen acres from the body of her land, and her ouster therefrom by the defendants. At the common law the plaintiff must have been in possession, to recover in trespass.

Now the true owner can sue in trespass though out of possession. *Yahoola River Mining Co.* v. *Irby,* 40 *Ga.* 479. The petition set out all the elements of an action of trespass, title to the land, unlawful cutting of trees thereon, and her unlawful dispossession from her land by the defendants. The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a cause of action. Civil Code, § 4470; *Markham* v. *Brown,* 37 *Ga.* 277 (92 Am. D. 73); *Athens Mfg. Co.* v. *Rucker,* 80 *Ga.* 291 (4 S. E. 885); *Satilla Mfg. Co.* v. *Cason,* 98 *Ga.* 14 (25 S. E. 909, 58 Am. St. R. 287); *Stevens* v. *Stevens,* 96 *Ga.* 374 (23 S. E. 312). So the court did not err in overruling the general demurrer to the petition in this case.

2. The defendants demurred specially to the petition, on the ground that it did not set out the deed under which the plaintiff claims title, or make profert of the same to the court. The reply is that the plaintiff claims under prescriptive title arising from twenty years of adverse possession. She does not set up title by deed; and this ground of the demurrer seems to be speaking in its nature. But in an action of trespass the plaintiff is not required to set out the muniments of title under which he claims. In such an action the plaintiff has to allege title only, and on the trial prove the same. In this respect the action of trespass stands upon the same footing as a claim to property, when the claimant is not required to set out the title under which he claims, or an abstract thereof. *Jones* v. *Patterson,* 138 *Ga.* 862 (76 S. E. 378). In complaint for land the object of the abstract is not to show title in the plaintiff on the face of the pleadings, but only to give notice of what the plaintiff would rely on at the trial; and the complaint will not be dismissed on demurrer to the abstract of title annexed to the declaration. *Yonn* v. *Pittman,* 82 *Ga.* 637 (9 S. E. 667); *Crawford* v. *Carter,* 146 *Ga.* 526 (91 S. E. 780); *Peeples* v. *Rudulph,* ante, 17 (111 S. E. 548). Much less will complaint in trespass be dismissed because the plaintiff does not set out therein the muniments of title under which he claims, especially when she does set out the title in her complaint on which she relies.

The defendants demurred to the petition, because it seeks to enjoin a trespass upon land in the possession of a tenant; and

because paragraph four of the petition complains of an injury to the tenant, and not to the plaintiff. This, if well taken, would not be cause for dismissing the whole complaint, but only so much thereof as refers to damage and injury to the tenant. If a tenant be in possession, and the trespass be such as injures the freehold, the owner may still maintain trespass. Civil Code, § 4473. The petition sets up damage to the freehold, in cutting trees thereon and in the ouster and exclusion of the plaintiff from her lands. Cutting of timber on lands by a trespasser is an injury to the freehold, and there can be no greater interference with this property than the complete ouster of the owner therefrom. So the court did not err in overruling this ground of the special demurrer.

The third and last ground of the special demurrer is that the petition shows that the injury alleged to have been done was done to the tenant, and not to the plaintiff. What is said above disposes of this ground of the special demurrer.

Counsel for the plaintiffs in error, in their brief, make the point that the petition prays for injunctive relief, the grant of which would result in the dispossession of the defendants and the admission of the plaintiff into possession of the premises in controversy. *Russell* v. *Mohr-Weil Lumber Co.,* 102 *Ga.* 563 (29 S. E. 271); *Vaughn* v. *Yawn,* 103 *Ga.* 557 (29 S. E. 759); *Glover* v. *Newsome,* 134 *Ga.* 376 (67 S. E. 935); *Mize* v. *Herring,* 137 *Ga.* 815 (74 S. E. 534). Suffice it to say that this ground of demurrer was not set up by the defendants in their special demurrer, and was not passed upon by the court below. For this reason we can not consider it. Furthermore, it would furnish no ground for dismissal of the whole complaint, but only so much as sought injunctive relief. So the court did not err in overruling the special demurrer filed by the defendants.

3. The amendments allowed by the court to the petition were clearly germane; and the one seeking to recover for mesne profits did not set up a new cause of action.

4. The verdict was sustained by the evidence, and was neither contrary thereto nor to the law. The court did not err in overruling the defendants' motion for new trial.

*Judgment affirmed. All the Justices concur.*