## FARNELL ·et al. v. BRADY.

GILBERT, J. 1. This is a suit in equity, praying for cancellation of a contract, alleging that the petitioner, who was uneducated, illiterate, and inexperienced in such matters, was induced to execute the contract by a fraud perpetrated on her by the defendant, Farnell. The case was formerly before this court, where the only question was whether the court erred in overruling defendant's demurrer to the petition. *Brady v. Farnell*, 159 *Ga.* 209 (125 S. E. 57). The judgment was reversed and remanded to the trial court. Thereafter the defendant filed a plea of estoppel, alleging that the plaintiff had, previously to the filing of the present suit, instituted against the defendant an action based upon the same cause of action, seeking damages for the alleged fraud; that the suit for damages was dismissed prior to the rendition of a judgment; that the commencement of said suit was a ratification and acknowledgment of the validity of the contract; that the present suit is a repudiation of the contract, and therefore is the seeking of a remedy inconsistent with that of the first suit instituted. There was no issue· of fact as to the filing of the former suit. The court directed a verdict against the plea, and the defendant excepted. *Held*, that the court did not err in directing the verdict against the plea of estoppel. The two suits are not inconsistent. In both the petitioner sought to have the contract cancelled. In both suits the allegations of fact were substantially the same. In the first suit there was a prayer that the contract "be declared void for fraud." In the present ·suit there is a prayer that the contract "be cancelled and decreed to be void and ineffective." So in both suits the petitioner repudiates the contract.

2. The defendant also filed a plea of res adjudicata, alleging that prior to the institution of the present proceedings, the plaintiff filed a petition in court of ordinary, alleging that the defendant had been granted letters of administration on the estate of Mrs. Martha Arline; that more than a year had expired from the granting of permanent letters of administration; that the administrator had sold the property of the estate and paid all debts; that petitioner was next of kin and legal heir to the deceased intestate and entitled to share in her estate; and prayed that accounting and settlement might be had of said administrator. A rule nisi issued; and the defendant duly answered, alleging payment of two hundred dollars to the petitioner in full settlement of her interest in said estate; that a judgment was rendered in ordinary's court, and that the defendant administrator sued out an appeal to the superior court of Grady County; that on the trial in said superior court a verdict and judgment was rendered in favor of said administrator and against said plaintiff; that no appeal has been taken on said judgment, and that said judgment has become final and binding. The bill of exceptions recites that the said plea of res adjudicata was disallowed and overruled, and to the judgment of the court in overruling and disallowing said plea the defendant excepted. *Held*, that the former suit set out in the plea of res adjudicata was a trial of the merits of the case, and is a bar to the second suit on the same cause of action. The

Judgments, 34 C. J. p. 776, n. 67; p. 785, n. 66.

court erred in overruling and disallowing the plea of res adjudicata. *Smith* v. *Smith*, 125 *Ga.* 83 (54 S. E. 73), and cit.; *Moor* v. *Farlinger*, 138 *Ga.* 359 (75 S. E. 423).

3. The above rulings are controlling. The court having erred in overruling the plea of res adjudicata, all subsequent proceedings were nugatory. The court erred in refusing to grant a new trial.

*Judgment reversed.    All the Justices concur.*

No. 5185.    JULY 13, 1926.

Equitable petition. Before Judge Custer. Grady superior court. October 17, 1925.

*S. P. Cain* and *R. R. Terrell,* for plaintiffs in error.

*J. R. Singletary* and *A. B. Conger,* contra.