### 22000. BRYANT *v.* THE STATE.

LUKE, J. 1. One witness testified that the farm of the deceased was in Walker county. Another witness testified that, while the deceased was inside his field, the accused reached over the fence with a pocket-knife and inflicted the mortal wound. The venue was not questioned by the accused during the trial; but, by an amendment to his motion for a new trial, it is insisted that the venue was not sufficiently proved. *Held:* This ground of the motion for a new trial was properly overruled.
2. Where a new trial is sought on the ground that a motion for a mistrial was erroneously overruled, but the ground of the motion for a mistrial is in no way set forth, no question is presented for a decision by this court.
3. There being evidence on which to predicate it, it was not erroneous to instruct the jury in part as follows: "It is not necessary that the person whose statements are sought to be introduced should express him-

self as believing that he is in a dying condition. Consciousness of his condition may be inferred from the nature of his wound or from other circumstances. Dying declarations, when the jury are satisfied they are such, are founded on the necessity of the case, and for the reason that, being made in view of impending death and judgment, when the hope of life is extinct and when the retribution of eternity is at hand, they stand on the same plane of solemnity as statements made under oath." See *Solomon* v. *State*, 2 *Ga. App.* 92, 94 (58 S. E. 381)`.

4. Where there is evidence on which to predicate it, it is never erroneous for the court to instruct the jury "that a man, under the law, could not create the necessity for another to defend himself, and then take the life of such person and justify the act;" and where, as in this case, it is proper for the jury to consider this principle of law in connection with other rules of law properly given in charge to them, a restatement of this rule in connection with each of the other rules affords the accused no ground for complaint.

5. The accused was indicted for murder, and convicted of voluntary manslaughter. Under the evidence the jury might have found the killing to be murder, voluntary manslaughter, or justifiable homicide. A requested charge, embodying a theory of justifiable homicide, ended with the words, "if you should find that to be true, he would not be guilty," to which the judge added the words, "of the offense charged," otherwise giving the requested charge verbatim. It is insisted that the added words minimized the defense as against the theory of voluntary manslaughter. *Held*, that the complaint is without merit.

6. A ground of a motion for a new trial complaining that proof of a dying declaration was erroneously admitted, over objection of the accused, but failing to set out in connection therewith the evidence so admitted, is so incomplete as to present no question for decision by this court.

7. Ground 7 of the motion for a new trial complains that while a son of the deceased was testifying as a State's witness his mother, widow of the deceased, was present in court and, by nods and shakes of the head as the questions were asked, influenced his answers to the questions propounded. It does not appear that such conduct was observed by the presiding judge or in any way brought to his attention before verdict. The attorney for the accused makes affidavit that he first learned of the matter after verdict. But no affidavit appears to have been offered to show what questions were so asked or what answers were so suggested, or that the accused himself did not silently observe it at the time of the occurence. Reprehensible as the conduct complained of would be in any court of law, it can not, under the incomplete showing made after verdict, be held that the trial judge erroneously disapproved such showing by overruling the motion as amended.

8. The evidence presented questions for determination by the jury alone and for the exercise of the trial judge's discretion. The record here discloses no reversible error.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED FEBRUARY 17, 1932.

*S. W. Fariss,* for plaintiff in error.
*M. Neil Andrews,* solicitor-general, *Horace D. Shattuck,* contra.