29243. WARDLOW *v.* THE STATE.

MacINTYRE, J. 1. There was no error in overruling the demurrer to the special presentment, for any reason assigned.

2. The evidence authorized the verdict finding the defendant guilty of involuntary manslaughter in the commission of an unlawful act.

3. Where the general charge gives all the essential ingredients of the

crime charged, in the absence of a request, a failure to give in charge Code § 26-201, defining a crime or misdemeanor to consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence, is not error. *Bennett* v. *State*, 49 *Ga. App.* 804 (4) (176 S. E. 148); *Hagood* v. *State*, 5 *Ga. App.* 80 (3) (62 S. E. 641); *Turnipseed* v. *State*, 53 *Ga. App.* 194, 203 (185 S. E. 403).

4. All of the evidence introduced on the trial strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere. The venue was sufficiently proved. *Attaway* v. *State*, 64 *Ga. App.* 319 (13 S. E. 2d, 99); *Womble* v. *State*, 107 *Ga.* 666 (3) (33 S. E. 630); *Bryant* v. *State*, 44 *Ga. App.* 781 (163 S. E. 219).

5. We think, when the charge is considered in its entirety, that the jury unquestionably understood that to be guilty of involuntary manslaughter in the commission of a lawful act, the lawful act must be such as probably might produce such consequence, in an unlawful manner, as is provided in the Code, § 26-1009, defining such an offense. Ground 3 does not disclose any reversible error.

6. While the judge, after instructing the jury on both branches of the law of involuntary manslaughter as provided in the Code, §§ 26-1009, 26-1010, gave in his instructions the proper form of verdict if the jury found the defendant guilty of involuntary manslaughter in the commission of an unlawful act, and instructed them that if they did not believe the defendant guilty of involuntary manslaughter in the commission of an unlawful act, the greater offense, and they believed him guilty of the lesser offense, the form of their verdict would be: "We, the jury, find the defendant guilty of involuntary manslaughter in the commission of a lawful act," the judge erred in giving to the jury this as a proper form for their verdict. *Overby* v. *State*, 115 *Ga.* 240 (41 S. E. 609). While this instruction was erroneous, the error was harmless, as the jury did not find him guilty of this lesser offense of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, but found him guilty of the greater offense of involuntary manslaughter in the commission of an unlawful act; and for this reason the error does not require the grant of a new trial. *Smith* v. *State*, 161 *Ga.* 421, 429 (131 S. E. 163); *Davis* v. *State*, 114 *Ga.* 104, 107 (39 S. E. 906); *Kearney* v. *State*, 101 *Ga.* 803 (7) (29 S. E. 127, 65 Am. St. R. 344).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

Decided January 27, 1942.

*Hugh E. Combs,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.