## 19067. SMITH *v.* GLENN.

HAWKINS, Justice. 1. The plaintiff in error, prior to the call of the case, having amended the bill of exceptions, complaining of the refusal to grant to the plaintiff an interlocutory injunction, by designating as defendant in error the only person named as defendant in the plaintiff's petition, and service of the bill of exceptions having been acknowledged by counsel of record for that party as counsel for the defendant in error, the motion to dismiss the bill of exceptions, because no defendant in error is named therein, is without merit. Code §§ 6-912, 6-1309, 6-1401; *Pierce* v. *Powell,* 188 *Ga.* 481 (4 S. E. 2d 192); *Chatfield* v. *Dennington,* 206 *Ga.* 762 (58 S. E. 2d 842).

2. While, under the ruling in *MacKenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (NS) 1003, 16 Ann. Cas. 723), an injunction may be granted against occupancy of premises by an insolvent, continuing trespasser, who is causing damage to the premises of such character as not to be capable of computation or of being satisfied by an ordinary suit at law, yet where, as in this case, there is no proof of insolvency on the part of the defendant, the alleged trespasser, or any proof of irreparable damage, but the right of possession of the land is in controversy between the plaintiff and the defendant, each claiming title to the property, the trial judge does not err in refusing to grant an interlocutory injunction, the effect of which would have been to oust the defendant from the actual possession and admit the plaintiff into possession of the premises. *Russell* v. *Mohr-Weil Lumber Co.,* 102 *Ga.* 563 (29 S. E. 271); *Vaughn* v. *Yawn,* 103 *Ga.* 557 (29 S. E. 759); *Brown* v. *Toole,* 150 *Ga.* 196 (103 S. E. 226); *Burns* v. *Hale,* 162 *Ga.* 336 (133 S. E. 857); *Beck* v. *Kah,* 163 *Ga.* 365, 369 (2) (136 S. E. 160).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1955—DECIDED OCTOBER 10, 1955.

*Painter & Cain,* for plaintiff in error.
*G. W. Langford,* contra.