21372, 21373. REED *et al.,* Administrators
. v. REED *et al.;* and *vice versa.*
21374. REED *et al.* v. REED *et al.,* Administrators, *et al.*

Argued September 12, 1961—Decided October 5, 1961.

*Sam Calhoun, Frank M. Gleason,* for plaintiffs in error (Case No. 21372).

*H. E. Kinney, L. Hugh Kemp, Pittman, Kinney & Pope, Charles A. Pannell, Hardin, McCamy & Minor,* contra.

*Charles A. Pannell, H. E. Kinney, L. Hugh Kemp, Pittman, Kinney & Pope,* for plaintiffs in error (Case No. 21373).

*Frank M. Gleason, Sam Calhoun, Carlton McCamy, Hardin, McCamy & Minor,* contra.

*H. E. Kinney, Pittman, Kinney & Pope, Charles A. Pannell, L. Hugh Kemp,* for plaintiffs in error (Case No. 21374).

*Frank M. Gleason, Sam Calhoun, Hardin, McCamy & Minor,* contra.

DUCKWORTH, Chief Justice. ■■ ■■ ■■ ■■ These headnotes require no further elaboration, but some of the rulings therein, necessarily, depend upon our ruling in Case No. 21374 which is the subject matter of division 4 and the corresponding headnote of this opinion.

■ We are confronted with the necessity of deciding whether or not *Code Ann.* § 110-113 (Ga. L. 1953, Nov.-Dec. Sess., p. 440; Ga. L. 1957, p. 224) is restricted to verdicts and judgments that terminate the entire case or includes verdicts and judgments upon only a part of the issues in the case. We would doubt the wisdom of allowing a simple case to be carved into a large number of cases on review. On the other hand we fully recognize that often upon the trial of cases like the instant one, where the issues involved are the ownership of many separate items of property, the evidence might well authorize a verdict one way as to some of the items, and at the same time, demand a verdict in favor of the other party as to other items. It is entirely in order to move for a directed verdict as to those items where the evidence demands it and allow the jury to decide as to other items. Here, the defendants made separate motions as to various items for a verdict as to them and followed with similar grounds in their motion for judgment in accordance with their motion for directed verdict. We therefore can not say that since the motion was not meritorious as to some of the items the motion must fail despite its validity as to some of the items. Despite the possibility of its abuse we must hold that the language of the statute authorizes these numerous grounds of the motion, and consequently, this court must review them on their merit.

We can group the grounds of the motion for judgment notwithstanding the verdict into two groups since all grounds in each group are identical as to merit. The first group is all the real estate described in plaintiffs' Exhibit "B" attached to the petition and embracing the land involved in the case. By paragraph 13 of the petition it is stated and thereby conceded that title to all this land is in the defendant George Reed. Petitioners' sole claim thereto is alleged to be because their intestate paid the purchase money and thus an implied or resulting trust in favor of the intestate resulted, and they seek its recovery on this basis. Consequently all land stands on the same basis, and the evidence is substantially the same as to all land. All personalty is covered under one separate ground and will be considered as the second group.

There are certain well-established rules of law which must be met in order to create the trust provided for under *Code* § 108-106. First, it must be shown that the money was not a loan. *Magid v. Byrd,* 164 Ga. 609, 618 (139 SE 61). In order for a trust to result from paying only a part of the purchase money, the actual amount must be proven. *Kehely v. Kehely,* 200 Ga. 41, 42 (5) (36 SE2d 155); *Williams v. Porter,* 202 Ga. 113 (42 SE2d 475); *McCollum v. McCollum,* 202 Ga. 406 (43 SE2d 663). It is indispensable that the purchase money be paid before or at the time of purchase. *Loggins v. Daves,* 201 Ga. 628 (4) (40 SE2d 520).

By discovery plaintiffs elicited from the defendant George Reed the statement, under oath, that he earned in enumerated ways all the purchase money and it was his property. Under *Code* § 38-1105 this response is evidence, and testimony of two witnesses, or one witness and corroboration, is required to refute it.

Without reciting all that is said in this voluminous record, it can be correctly stated that in all of it there is not to be found a word or syllable to the effect that any money of the intestate that might have gone into these lands was not a loan or gift. Since it would have been from father to son, the provisions of *Code* § 108-116 are applicable, and hence, a gift is by law presumed; and there is not a word to rebut this rebuttable presumption. In the same fashion, there is a total absence of evidence to show such moneys were paid before or at the time the conveyances were made to George Reed. The evidence demanded a verdict in favor of the defendants as to this property, and it was reversible error to deny the motion for judgment notwithstanding the verdict in accordance with the motions for directed verdict as to the real property. In accord with the statute, direction is given to enter final judgment in favor of the defendants respecting all the lands shown in plaintiffs' Exhibit "B."

The property in the second group is all personalty, and petitioners seek to recover it upon the ground that it was owned and possessed by the intestate at the time of his death; and while conflicting in various ways, the evidence did not demand a

verdict in favor of the defendants as to this property. Consequently, as to this property, the motion for judgment notwithstanding the verdict in accordance with the motion or motions for directed verdict previously made was properly overruled. It follows that the judgment in Case No. 21374 must be reversed as to the realty and affirmed as to the personalty.

As ruled in headnote 2 there must be a judgment of affirmance on the main bill of exceptions, and since we must rule on the assignments of error in the cross-bill, and the amended motion for new trial would require the grant of a new trial as ruled in headnote 3(e) and 3(f), the cross-bill of exceptions is reversed as to special grounds 7 and 8 of the amended motion for new trial.

*Judgment reversed in part and affirmed in part in Case No. 21374; affirmed in Case No. 21372, and reversed in Case No. 21373. All the Justices concur.*