21751. BANKS, Administratrix v. SIRMANS.

414

*T. E. Miller, C. Bradford, John W. Lee, Benjamin Smith, Jr.,* for plaintiff in error.

*D. W. Slone, S. B. McCall, Edward Parrish,* contra.

Grice, Justice. Was the judgment in a previous ejectment suit res judicata? That is the only issue for our determination in reviewing the judgment complained of in this statutory ejectment suit filed in the Superior Court of Lanier County by Mrs. Shirley S. Banks, as administratrix of the estate of J. M. Smith, against Mrs. Lonie Mae Sirmans.

To the petition in this suit Mrs. Sirmans interposed a plea of res judicata, relying upon a final judgment previously rendered in her favor in a fictitious form ejectment suit by Mrs. Banks for the same land. The plea recited that the former judgment was on the same cause of action and between the same parties as in the present case, that in the former case the court had jurisdiction, that the plaintiff in that case employed counsel and otherwise participated in it, and that the former judgment was a full and final adjudication of the cause of action now sued upon. Copies of the pleadings and judgment in the former suit were attached.

By stipulation the issue was submitted to the court as trior of all questions of fact and law upon the facts contained in the pleadings, which included the opinion and judgment of this court in the former suit (*Sirmans v. Banks,* 217 Ga. 64, 121 SE2d 137). The trial court sustained the plea of res judicata and dismissed the petition. Mrs. Banks assigned error on that ruling.

In the former suit, the plaintiff relied upon only one demise, from Leon Lewis, but at the trial it appeared that Lewis was deceased. No effort was made to lay any other demise, or to make the personal representative of Lewis a party to the action. At the close of the evidence the trial court directed a verdict for the plaintiff and entered judgment that she recover the premises in dispute and costs.

Upon review, this court held: "Where in an ejectment suit

in the fictitious form the sole lessor is shown to be dead at the time of the trial, the only recovery that can be had is for costs where his personal representative is not a party to the action." (Headnote 2.) It stressed that the real party plaintiff was Leon Lewis, that the only demise alleged was from him, that he was deceased, that his personal representative was not made a party, and that a "dead person cannot appear as a party, real or nominal, in any action." It gave directions that the trial court delete from its decree the recovery of the premises by the plaintiff, leaving only recovery of costs for the plaintiff.

Because of the failure of a party pending the suit and the holding on that phase of the case, this court did not reach the merits of the issue of title. The judgment, then, not being an adjudication of the merits as to the title to the property in dispute, is not a bar to this suit.

Because of the death of the party from whom the actual plaintiff in that case laid her demise the merits could not have been put in issue to invoke the bar of res judicata under *Code* § 110-501. We cannot adopt the contention that the plaintiff's failure in this situation either to make that representative a party or to lay another demise foreclosed the issue of title between these parties. On the contrary, *Code* § 110-503 is applicable. "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated." See also *Code* § 3-607.

A different result is not reached because of *Code* § 33-119, which provides that "A judgment in ejectment shall be conclusive as to the title between the parties thereto, unless the jury find for the plaintiff less than the fee." As we construe that section, it is in harmony with other code provisions as to conclusiveness of judgements, and is applicable only where the issue "as to the title" was actually litigated in the previous suit. Where, as here, the merits of the case were not adjudicated, the judgment is not conclusive. Compare *Irvin v. Spratlin*, 127 Ga. 240, 243-44 (55 SE 1037, 9 AC 341).

Accordingly, we hold that the plea did not constitute a defense to the present suit and it should not have been sustained. The petition, therefore, should not have been dismissed.

*Judgment reversed. All the Justices concur.*