22088, 22089.   HORTON v. HARVEY; and vice versa.

HEAD, Presiding Justice.  1. The trial court erred in overruling the general demurrers of the defendant. "The office of an injunction being, under the code of this State, merely to restrain and not to compel the performance of an act, this remedy is not available for the purpose of evicting a party from the actual possession of land, the right to which is in dispute between himself and another; and consequently such a result can not be indirectly accomplished by an order restraining the party so in possession 'from further interfering with said lot of land, house and crop' thereon.  Such an order, being mandatory in its nature, would afford relief not within the proper scope of the writ of injunction." *Vaughn v. Yawn,* 103 Ga. 557 (29 SE 759); *Paschal v. Tillman,* 105 Ga. 494 (30 SE 870); *Beacham v. Wrightsville & Tennille R. Co.,* 125 Ga. 362 (54 SE 157); *Glover v. Newsome,* 134 Ga. 375 (67 SE 935); *Burns v. Hale,* 162 Ga. 336 (133 SE 857); *Beck v. Kah,* 163 Ga. 365 (136 SE 160); *American Oil Co. v. Hulme,* 180 Ga. 768 (180 SE 768); *Braswell v. Palmer,* 191 Ga. 262 (4) (11 SE2d 889); *Fender v. Hendley,* 195 Ga. 498 (24 SE2d 654); *Smith v. Glenn,* 211 Ga. 868 (89 SE2d 515). The bare allegation that the defendant's possession of the property was damaging the plaintiff "to the extent of $100.00 for each and every day defendant remains in possession" is wholly insufficient to allege a cause of action for damages. The subsequent verdict and judgment, ousting the defendant

and placing the plaintiff "into immediate peaceable and exclusive possession" of the property, is null, void, and wholly without any valid legal effect.

2. Where a cross bill seeks relief germane to the original petition, the dismissal of the petition on demurrer will not result in the dismissal of the cross action. *Ray v. Home & Foreign Investment &c. Co.*, 106 Ga. 492 (32 SE 603); *Lacher v. Manley*, 139 Ga. 802 (78 SE 188); *Troup v. Martin*, 158 Ga. 178 (122 SE 611); *Harry L. Winter, Inc. v. Peoples Bank of Calhoun*, 166 Ga. 385, 391 (143 SE 387); *Hudgins Contracting Co. v. Redmond Co.*, 176 Ga. 90 (166 SE 865); *Moore v. Atlanta Joint Stock Land Bank*, 176 Ga. 697 (7) (168 SE 558); *Byrd v. Equitable Life Assurance Society*, 185 Ga. 628, 637 (196 SE 63).

3. The defendant's answer and cross bill, as amended, admit execution and delivery of the deed under which the plaintiff claims, but it is contended that a substantial part of the consideration was never paid. Both legal and equitable relief is sought because of this nonpayment, neither of which is germane to the injunctive relief sought by the plaintiff. "Where the relief sought by the cross petition is not germane to the main action, the dismissal of the main action carries the cross action with it." *Collier v. DeJarnette Supply Co.*, 194 Ga. 129, 131 (20 SE2d 925). In the present case the dismissal of the petition carries with it the answer and cross bill of the defendant. It is therefore unnecessary to rule upon the general and special demurrers of the plaintiff to the answer and cross action.

4. The plaintiff not being entitled to possession of the premises under the void verdict and judgment in his favor, he was not harmed by the order denying his motion to terminate the receivership.

*Judgment on the main bill of exceptions reversed; cross bill of exceptions affirmed. All the Justices concur.*

ARGUED JULY 8, 1963—DECIDED OCTOBEER 10, 1963.

*W. Glenn Thomas, Albert E. Butler*, for plaintiff in error.
*Ronald F. Adams*, contra.

