22826.   CHERRY v. THE STATE.

SUBMITTED FEBRUARY 9, 1965—DECIDED MARCH 3, 1965.

*Larry Cohran, Pierre Howard,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Walter LeCraw, Wm. E. Spence, Eugene Cook, Attorney General, J. R. Parham, Assistant Attorney General,* contra.

QUILLIAN, Justice. ■ The bill of exceptions alleges that when the defendant was placed on trial on November 5, 1963, he filed a plea of autrefois acquit. The bill of exceptions recites: "To this plea an order was entered, overruling said plea on the 5th day of November, 1963, signed by William T. Boyd, Solicitor General of the Atlanta Judicial Circuit." Hence, the ground presents no question for consideration here.

■ The first and seventh special grounds of the motion for new trial were not insisted upon in the defendant's brief or in oral argument before this court and are treated as abandoned. *Reed v. Reed,* 217 Ga. 303 (3b) (122 SE2d 253).

■ Special ground 2 insists that the court erred in admitting over the defendant's objection the testimony of a police officer of Birmingham, Alabama, assigned to safe, burglary and narcotics investigation, that he had seen the defendant in court three times. The objection was that the officer's testimony put the defendant's character in issue.

The testimony of the police officer did not tend to reflect upon the character of the accused or raise any issue in regard to his character. Courts throughout the country are attended by people of all classes. No inference derogatory of one's reputation

or character can be drawn from the mere proof that he has occasionally been seen in court. The ground is without merit.

■ The third special ground recites that the court admitted certain evidence over the objection of the defendant's counsel which was withdrawn by the assistant solicitor general; that the solicitor made a remark as to the probative value of the evidence. Whereupon counsel for the defendant simply stated: "Now, if the court please, I move for a mistrial." It is not alleged that the motion was made upon any particular ground. Thus it is apparent the motion presented no question for the trial court's consideration nor for review by this court. *Owens v. State,* 32 Ga. App. 417, 418 (2) (123 SE 919); *Bryant v. State,* 44 Ga. App. 781 (2) (163 SE 219); *Lumbermen's Underwriting Alliance v. First Nat. Bank & Trust Co.,* 100 Ga. App. 217, 223 (5) (110 SE2d 782); *Whitehead v. State,* 101 Ga. App. 732 (115 SE2d 429).

■ The fourth special ground of the motion alleges that during the progress of the trial the assistant solicitor made the remark: "Mr. Howard ought to anticipate anything as much money as he is getting out of this case." The defendant's counsel made a motion for mistrial on account of the statement having been made. The court stated to the jury: "Ladies and gentlemen of the jury, counsel for the State is wrong in making the last statement. You are not concerned one way or the other about any fee, there is no evidence in this case about any fee, and counsel for the defendant is entitled to pay for his services. So, that is not a matter which you could consider at all and I hereby instruct you that you are to disregard the last comment of counsel altogether. Proceed. I overrule the motion." After the court's quoted instructions to the jury the motion was not renewed, nor any contention presented to the trial judge that the damage done the defendant had not been eradicated.

This court has held: "When a motion for mistrial is made and the trial court instructs the jury not to consider the alleged error upon which the motion is based, and counsel neither requests further instructions nor renews the motion for mistrial, the assignment of error based on the denial of the motion for a mistrial is without merit." *Kendrick v. Kendrick,* 218 Ga. 460

(4) (128 SE2d 496); *Purcell v. Hill,* 220 Ga. 663 (141 SE2d 152), and cases therein cited.

■ The fifth ground of the amended motion for new trial alleges the judge erred in holding that the answers of three prospective jurors to a question propounded on the voir dire disqualified each of them and in excusing the jurors for cause.

The question was: "Are you conscientiously opposed to capital punishment?" Mr. John W. McDonald, the first of these jurors, replied: "Well, for the crime involved, yes." Mrs. Juanita E. Lawler, the second juror, replied: "I could not recommend a death verdict for armed robbery." Mr. J. T. Lawler, the third juror, gave as his answer: "No, only where there is a life been taken." He was further interrogated by counsel for the defense. We quote the questions and his answers. "Q. Mr. Lawler, do you oppose having capital punishment as a punishment for certain crimes? A. Just where there's life been taken. Q. Like murder or rape or things of that kind, you are not opposed to that, are you? A. No, where there has been a life taken. Q. In other words, you believe the capital punishment law should be on the books for some crimes, don't you? A. Yes."

In response to the solicitor's question—"But, the law says that the punishment for robbery with an offensive weapon is death and he doesn't believe that that ought to be the law, so it is cause. Is that your statement, Mr."?—Mr. Lawler answered: "Yes."

Where a juror on voir dire answers that he is conscientiously opposed to capital punishment for the capital offense with which the defendant on trial is charged, he does not, in contemplation of the law, believe in capital punishment and is properly excused from service in the case. See in this connection *Mickens v. State,* 149 Ga. 185 (1a) (99 SE 779), *Swain v. State,* 162 Ga. 777 (1) (135 SE 187), and *Aycock v. State,* 188 Ga. 550 (12) (4 SE2d 221), which deal with situations not factually identical with those treated in this opinion, but are authority for the principle here pronounced.

■ The sixth special ground of the motion for new trial contends there was a fatal variance between the allegations of the indictment that the defendant "with force and arms, did wrong-

fully, fraudulently and violently, by offering and threatening to shoot one William Strickland with a pistol, which accused exhibited, the same being an offensive weapon and one likely to produce death when used in its usual and customary manner, and by offering and threatening to shoot the said William Strickland with an article, replica and device having the appearance of a pistol, an offensive weapon, which accused exhibited, and by intimidation, take from the person of the said William Strickland, without his consent and with intent to steal the same . . ." and the proof submitted by the State, because Mr. Strickland, the victim of the robbery, at one point in his testimony related that the money was taken from him at the point of a "gun." The same witness, however, in recounting the circumstances of the same event testified, in answer to the question —"Did or did they not at the time, the three men in the station wagon, threaten to shoot you with pistols?"—"They told me when they pointed those pistols at me in the car if I would do what they told me to, they wouldn't hurt me."

The ground is without merit.

■ Neither by brief or argument has the plaintiff in error made any contention in this court that the general grounds have merit, except for the one reason assigned in special ground 6. Accordingly, it is not necessary to discuss the general grounds further than to hold the verdict was supported by sufficient evidence.

*Judgment affirmed. All the Justices concur.*