23253, 23254. HORTON, Administratrix v. HARVEY; and vice versa.

SUBMITTED DECEMBER 13, 1965—DECIDED FEBRUARY 23, 1966.

*Thomas & Thomas, Albert E. Butler,* for appellant.
*Ronald F. Adams, Adams & Henry,* for appellee.

COOK, Justice. C. W. Harvey brought a complaint for land against T. B. Horton, alleging that: The defendant is in possession of a described tract of land which is the property of the plaintiff under a deed dated July 5, 1961, from the defendant to the plaintiff, subject to a deed to secure debt in favor of the Federal Land Bank of Columbia, which indebtedness the plaintiff has assumed and agreed to pay. The defendant has received the profits from the land of the yearly value of $10,000, and refuses to deliver the land to the plaintiff or to pay him the profits thereof.

The plaintiff prayed for a judgment for mesne profits of $10,000 per year since July 5, 1961, and that he be granted a writ of possession. By amendment he set out in detail the purchase price of the property and the payments made by him, showing a balance due of $494 on the entire transaction. A cross action was filed by the defendant. Prior to the trial of the case the defendant died, and his administratrix, Mrs. Ruby Ogden Horton, was made a party.

The jury returned a verdict as follows: "We the jury find for the plaintiff a writ of possession and plaintiff to pay $8,750 to defendant and such payment to be a first lien on the subject Horton farm subject to the Federal Land Bank mortgage." Mrs. Horton filed an appeal from the verdict and judgment, and enumerated as error: the overruling of her renewed and additional general demurrers 1, 2, 3, 4, and 5; the denial of her plea of res judicata; the denial of her plea of estoppel by election of inconsistent remedies; the denial of her plea of estoppel by judgment; and the denial of her motion for new trial. C. W. Harvey filed a cross appeal from that portion of the verdict and judgment ordering him to pay the defendant the sum of $8,750 on her cross action.

■ It is contended by the appellant that the judgment of this court in *Horton v. Harvey*, 219 Ga. 265 (133 SE2d 35), adjudicated the issue between the parties. In the former action by C. W. Harvey against T. B. Horton, Harvey sought injunction and damages, claiming that he had purchased described property from Horton, and that Horton refused to yield possession to him. The deed under which Harvey claimed the right of

possession in the petition for injunction is the same deed under which he claims the right to a writ of possession in the present complaint for land. The jury returned a verdict for Harvey in the former action. On review by this court of rulings on demurrer, it was held that the general demurrers of Horton should have been sustained because the petition sought a mandatory injunction, which is a remedy not available for the purpose of evicting a party from the actual possession of land, the right to which is in dispute between the parties; and the allegations concerning damages were insufficient to state a cause of action for damages.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." *Code* § 110-501. "If upon demurrer the court shall decide upon the merits of the cause, the judgment may be pleaded in bar of another suit for the same cause." *Code* § 110-504. "If in rendering its judgment upon a demurrer to a petition the court does not decide upon the merits of the case, a judgment sustaining the demurrer and dismissing the action is not a bar to another proceeding for the same cause." *Papworth v. City of Fitzgerald*, 111 Ga. 54 (36 SE 311).

On the question of the effect of the previous adjudication on demurrer this court is not required to indulge in any presumptions as to the ground of the demurrer sustained. The trial judge overruled the general demurrers, and this court reversed that judgment because the relief sought is one which is forbidden under our law, a mandatory injunction. *Code* § 55-110. No adjudication was made as to the title of the property which is the subject matter of the action now on appeal. *Horton v. Harvey*, 219 Ga. 265, supra.

In *Byrd v. Goodman*, 195 Ga. 621 (25 SE2d 34), a case which is similar on its facts to the present case, it was held that where it did not appear in a former injunction suit that the question of title was necessarily or actually involved in the decision on demurrer, the judgment would not bar a subsequent complaint

for land involving the same property. In *Banks v. Sirmans,* 218 Ga. 413 (128 SE2d 66), there had been a previous ejectment suit between the same parties involving title to the same property. This court held: "The merits as to title were not adjudicated in the previous ejectment suit, and therefore it was error to sustain the plea of res judicata and to dismiss the petition in the instant case."

The trial judge properly held that the petition in the present case was not subject to the plea of res judicata. Compare *Steed v. Savage,* 115 Ga. 97 (3) (41 SE 272); *McElmurray v. Blodgett,* 120 Ga. 9 (3) (47 SE 531); *Kent v. Citizens Mut. Investment Assn.,* 186 Ga. 91 (2) (196 SE 770).

Since the issue of title was not necessarily or actually determined in the former litigation, the petition was not subject to the plea of estoppel by judgment. *Draper v. Medlock,* 122 Ga. 234 (50 SE 113, 69 LRA 483); *Buie v. Waters,* 209 Ga. 608, 612 (74 SE2d 883).

■ "Where a party, considering himself aggrieved, has two remedies by which he may enforce inconsistent rights growing out of the same transaction, and with knowledge of the facts, makes a choice of remedies and brings an action based on one of the methods available to him, he will not thereafter be allowed to adopt the alternate remedy, for a suitor can not pursue a remedy inconsistent with such prior proceeding." *Beard v. Beard,* 197 Ga. 487 (29 SE2d 595).

In the former litigation between the parties in the present case the remedy sought was not inconsistent with the remedy sought in the present case, both being based on a claim of title in the plaintiff, and it was not error in the present case to deny the plea of estoppel by the election of inconsistent remedies. *Board of Education of Glynn County v. Day,* 128 Ga. 156, 163 (57 SE 359); *Farnell v. Brady,* 162 Ga. 500 (1) (134 SE 165); *Peterson v. Lott,* 200 Ga. 390 (2) (37 SE2d 358).

■ It is asserted by the appellant that the petition was subject to general demurrer because it showed that a balance of $494 was due to Horton on the transaction, and because a part of the consideration was the alleged assumption of a deed to

secure debt to the Federal Land Bank, on which debt Harvey could not be legally held responsible.

"As between the grantor and the grantee, in the absence of fraud, any sum paid or contracted to be paid is sufficient consideration to make a conveyance of realty valid. [Authorities]. Hence, when title to realty passes by an absolute deed of conveyance, . . . the fee-simple estate conveyed thereby is not forfeited, . . . merely because of the grantee's failure to pay the consideration for which the deed was actually executed; and this is so since the obligation to pay the purchase money may be enforced by appropriate legal action." *Harry v. Griffin*, 210 Ga. 133 (78 SE2d 37).

The trial judge did not err in overruling the grounds of general demurrer.

■ The motion for new trial was on the general grounds. The evidence showed that Horton and Harvey negotiated for the sale of Horton's land to Harvey, and that Horton signed a deed to Harvey. There was some conflict in the evidence in regard to the delivery of the deed, but the main dispute between the parties was whether or not Harvey delivered to Horton $35,000 in cash, which was a part of the purchase price. It appears from the evidence on behalf of both parties that after the deed was signed in an attorney's office, it was left in the clerk's office for recording. The parties then went to a drug store where Harvey took some money out of a safe in the back of the store and placed the money in a brief case. According to Harvey's testimony, the amount of money placed in the brief case was $35,000 and the brief case was delivered to Horton. The testimony of Horton at the previous trial was introduced in evidence, and this testimony was to the effect that Horton did not count the money and that it was not delivered to him in the drug store, but that the brief case was placed in the trunk of Harvey's car, the parties drove several places, and when Horton and his son were finally left alone in Harvey's car, they unlocked the trunk of the car and found that the brief case containing the money was missing.

The jury found that Harvey was entitled to a writ of possession and that he owed $8,750 to Horton's estate. There was

evidence from which the jury could have found that Harvey owed $35,000, and in his pleadings he admitted that he owed $494. We find no evidence from which the jury could have found that he owed $8,750. Since the verdict of the jury is not consistent with any evidence in the case, we must remand the case for a new trial.

■ In the cross appeal error is assigned on the denial of the motion for judgment notwithstanding the verdict of the appellee (appellant in the cross appeal) as to that part of the verdict requiring the appellee to pay $8,750. The motion for directed verdict of the appellee was a general motion for a verdict in his favor. The answer and cross action of the appellant made the issues that the deed was not delivered, that the sale was void because a part of the consideration was a gambling debt, that there was a nonpayment of the purchase money, and that the deed was procured by fraud. All of these issues were inextricably involved, and this is not a case where the motion for judgment notwithstanding the verdict could be granted on the sole issue of the amount which the appellee owed to the appellant. *Reed v. Reed*, 217 Ga. 303, 310 (122 SE2d 253). Furthermore, the evidence on this issue was in conflict.

*Judgment affirmed in part and reversed in part on the appeal; affirmed on the cross appeal. All the Justices concur.*