## 44895. MANER BUILDERS SUPPLY COMPANY v. HALL et al.

EBERHARDT, Judge. Maner Builders Supply Company brought suit against Earl Hall for a balance alleged to be due on an account for materials sold to him as a subcontractor on a construction job. Hall admitted that he had purchased the materials and that they had been delivered to the job, but asserted that the materials had been sold under an agreement which Maner had with him and with the prime contractor, Herndon & Smith, Inc., that all checks issued by the prime contractor to Hall for progress payments would be made payable to Hall and Maner jointly; that this had been done throughout the course of the work; and that this unpaid balance resulted from the stopping of payment on the last check issued to him by Herndon & Smith, Inc., without his knowledge or consent.

Hall moved to make Herndon & Smith, Inc., a third-party defendant, which was done by order of court, but since it had no interest in the issue between Hall and Maner, a separate trial of Hall's action against Herndon & Smith, Inc., was ordered.

Upon a trial of the original action there was proof of the account by introduction of the record of account, copies of the invoices and delivery receipts, but the jury returned a verdict for the defendant. From the overruling of its motion for new trial plaintiff appeals. *Held:*

The verdict is wholly without evidence to support it and is contrary to the evidence. Consequently, the motion for new trial should have been granted on the general grounds. *Shippen v. Cloer,* 213 Ga. 172 (97 SE2d 563); *Horton v. Harvey,* 221 Ga. 799 (4) (147 SE2d 505); *Renwick v. LaGrange Bank,* 29 Ga. 200; *Travelers Indem. Co. v. Worley,* 119 Ga. App. 537 (168 SE2d 168).

The president of plaintiff corporation testified that a joint account was set up against Hall and Herndon & Smith, Inc., in connection with the sale of the materials, but that Herndon & Smith did not owe for them—"the purpose of the joint account was to justify their making the checks jointly to Earl Hall and Maner Builders Supply. . . We were selling the materials to Earl Hall." This was uncontradicted. Consequently, the prime contractor's stopping of payment on the last check, by which the balance on this account would have been paid out, could not affect Hall's liability to Maner for the balance.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

SUBMITTED NOVEMBER 3, 1969—DECIDED NOVEMBER 24, 1969.

*D. Field Yow,* for appellant.

*Sanders, Hester, Holley, Ashmore & Boozer, Lamar C. Walter, Hull, Towill & Norman, Patrick J. Rice,* for appellees.