### 46308. VICKERS v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for theft by deception.

Defendant was indicted for obtaining an automobile from a dealer by deceitful means and artful practice "in that [he] did create an impression of an existing fact, to wit: that he was financially able to give a check for the automobile and had the money deposited in a bank in order to do so, which impression was false and which the accused knew and believed to be false . . ."

It must be stressed that defendant did not give a bad check. He said he would send a check upon his return home; the dealer turned over possession and title to the brand-new, $3,700 automobile; and defendant, of course never sent a check. He did subsequently send a couple of money orders totalling $700. The dealer's salesman testified that defendant did not "come right out" and say he had the money in the bank to pay for it. He apparently "created the impression" by casually dropping the names of a couple of large Atlanta banks and reminiscing about their mutual experience in the Navy. At the trial, testimony was admitted over defendant's objection that several completely unrelated checks he had written had bounced, and that he had later mortgaged the car under discussion in Virginia.

1. The evidence was sufficient to authorize a conviction for the first alleged method of committing the crime, i.e. that he created the impression he was financially able to give a check for the automobile.

2. Defendant contends the court erred in charging the jury on

subsection (e) of *Code Ann.* § 26-1803 because the charge was not adjusted to the issues raised by the indictment. In fact, when the court charged the jury, it read all of *Code Ann.* § 26-1803 (Theft by Deception) including subsection (e): "promises performance of services which he does not intend to perform . . ." although defendant was charged under only subsection (a). However, the court also charged that the jury had to find that false representations relating to an existing or past fact were made and relied upon in order to convict. The charge specifically stated that a promise or statement relating to the future, however false, could not be the basis of the prosecution for this offense. In other words, the court first charged the new statute verbatim, then went on to explain the elements of the old cheating and swindling statute (former Ch. 26-74).

The trial court did not properly charge according to the law and evidence. Charging subsections (b) through (e), for which there was no evidence, could only serve to confuse the jury and allow it to believe defendant could be convicted for failing to honor his promise to send a check or for mortgaging the car. If not withdrawn, an erroneous charge is not cured by a proper charge elsewhere in the instructions to the jury. 7 E. G. L., Criminal Procedure, § 92; *Executive Comm. of Baptist Conv. v. Ferguson,* 213 Ga. 441 (99 SE2d 150); *Myers v. Johnson,* 113 Ga. App. 648 (149 SE2d 378); *Bracewell v. Bracewell,* 111 Ga. App. 759 (143 SE2d 10). A proper charge should explain that creating a false impression does not necessarily require a false statement, but on the other hand, the character of the person to whom the impression is directed is critical. See the last paragraph of § 26-1803.

3. Defendant contends the evidence of mortgaging the car was improperly admitted since it was an unrelated transaction. We do not agree. The State could properly submit this evidence to show a scheme or design to raise money through acquiring property by deceit.

4. Defendant enumerates as error the admission of testimony concerning the history and state of his bank accounts, past as well as present. The only relevant evidence on this subject would be

the amount he had on deposit at the time he was "creating the impression." Since this error is unlikely to occur in a new trial, we will make no holding on the enumeration.

The judgment is reversed for the reason stated in Division 2.

*Judgment reversed. Bell, C. J., and Eberhardt, J., concur. Whitman, J., not participating because of illness.*

ARGUED JUNE 4, 1971—DECIDED NOVEMBER 1, 1971.

*George C. Kennedy, Jr.,* for appellant.