## 49404. WELBORN v. THE STATE.

WEBB, Judge.

Defendant was tried and convicted for theft by taking and appeals from the overruling of her motion for new trial. *Held:*

1. Defendant complains that the trial court erred in overruling her demurrer to the indictment, contending that it is not sufficiently definite and certain to inform her of the offense charged. This enumeration is without merit. "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury." Code § 27-701. The indictment alleges that on November 24, 1972, defendant did unlawfully take $20,884.91 in money, the property of Southern Tailors, Inc., with the intention of depriving said owner of said money. The indictment is drawn in the language of Criminal Code § 26-1802 (theft by taking) and is sufficiently definite and certain.

2. Defendant's counsel stated to the court at the beginning of the trial that the state had not furnished him with a list of witnesses pursuant to his demand until that morning, and that he had had no opportunity to investigate or interview them. However, he did not move the court to bar their testimony or ask for a continuance, and the enumeration of error that "The court erred in forcing defendant to go to trial" under these circumstances is without merit, since it is clear from the record that the court did not force defendant to go to trial over any objection.

3. (a) Defendant's character was not put into issue by the introduction of testimony which identified an exhibit containing a sample of her handwriting, and

there was no error in overruling a motion for mistrial on this ground. Cf. *James v. State,* 223 Ga. 677, 686 (11) (157 SE2d 471); *Martin v. State,* 225 Ga. 234, 235 (2) (167 SE2d 638), and cases cited below.

(b) Defendant was sworn and testified in her own behalf, and on cross examination by the state the prosecutor put up the following "straw man": "Q. Have you ever told anyone you had a Ph.D. in mathematics? A. No. Q. Have you ever talked to Lieutenant Cooledge down in Clayton County? A. I may have, I don't know. Q. Ever talked to him January 14, 1971? A. I don't know." The state then proceeded to knock down the "straw man" by calling Lieutenant Cooledge of the Clayton County Sheriff's Office, who testified that he had talked to defendant on January 14, 1971, and that defendant had told him she had a Ph.D. in mathematics.

Where the state follows the above procedure to impeach its own witness, the procedure is not permissible. *Eberhart v. State,* 121 Ga. App. 663, 664 (3) (175 SE2d 73). Moreover, a witness may not be impeached by contradictory statements previously made by him as to immaterial matters not relevant to his testimony and to the case. Code § 38-1803; *Hudgins v. Bloodworth & Co.,* 109 Ga. 197 (1) (34 SE 364); *Corley v. State,* 171 Ga. 530 (1) (156 SE 196); *Bryant v. State,* 191 Ga. 686 (2) (13 SE2d 820); *Grant v. Hart,* 197 Ga. 662 (7) (30 SE2d 271). Consequently in the instant case, had defendant been the state's witness, or had proper objection been made to the testimony regarding the Ph.D. in mathematics, which was totally irrelevant and immaterial, error would be shown. However, defendant did not object on these grounds, but made the following motion: "I move at this time for a mistrial on the grounds that by producing Lieutenant Cooledge in his sheriff's uniform and asking him if he had occasion to talk with her on a certain date prior to this incident we are investigating here, that he has inferred to the jury that she has a prior record and by doing so put the defendant's character in evidence without her having done so." The trial court overruled the motion and took no corrective action, and the question which is before us for decision is whether the testimony of Lieutenant Cooledge in fact placed the

defendant's character in issue. *Bowen v. State,* 123 Ga. App. 670 (1) (182 SE2d 134).

Under numerous rulings by this court and the Supreme Court, it is clear that defendant's character was not put in issue, and there was no error in overruling the motion for mistrial. See, e. g., *Clifton v. State,* 187 Ga. 502, 509 (5) (2 SE2d 102); *Cherry v. State,* 220 Ga. 695, 696 (3) (141 SE2d 412); *James v. State,* 223 Ga. 677 (11), supra; *Martin v. State,* 225 Ga. 234 (2), supra; *Spurlin v. State,* 228 Ga. 763, 765 (4) (187 SE2d 856); *Tanner v. State,* 228 Ga. 829, 832 (6) (188 SE2d 512); *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73); *McGaskey v. State,* 115 Ga. App. 627 (1) (155 SE2d 817).

4. It is not necessary that a witness identifying business records under Code Ann. § 38-711 have personal knowledge of the correctness of the records or have actually made the entries himself. *Timothy McCarthy Const. Co. v. Southern Detectives, Inc.,* 125 Ga. App. 205 (186 SE2d 895).

5. There was a direct conflict in the evidence as to whether defendant, a bookkeeper, kept for herself the cash difference between the payroll totals and the amount of the cashed payroll checks, or whether the cash differences, acknowledged to exist, were turned over to her employer. The jury reconciled the conflict, choosing to believe the employer, and we are not free to interfere. This is not a circumstantial evidence case requiring the exclusion of every other reasonable hypothesis, the crux of this matter being the credibility of the witnesses, and the judgment must be affirmed. *Stewart v. State,* 128 Ga. App. 11 (195 SE2d 251) and cases cited.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED MAY 30, 1974 — DECIDED JUNE 21, 1974.

*Deal & Clark, Eugene A. Deal,* for appellant.
*Lewis R. Slaton, District Attorney, Raoul Lerow, Dennis H. Mackin, Morris H. Rosenberg,* for appellee.