## 53094. HARRIS v. THE STATE.

DEEN, Presiding Judge.

1. The appellant obtained title to and possession of two automobiles from the victim, a used car dealer, on the following representations: That he did not have the cash payment but that he had a stock certificate for 600 shares of stock in The Eastern Company which was worth more than the purchase price of the vehicles; that this stock was pledged as collateral on a farm loan to a South Carolina bank; that the bank would return the stock and take liens on the automobiles in its place as collateral for the existing loan; that the defendant would thus reclaim his stock certificate, sell the stock, and pay the vendor. The latter, before agreeing to part with his merchandise, called various stockbrokers who assured him that 600 shares of stock in The Eastern Company were worth about $9,000, which was more than the combined purchase price of the vehicles.

Thereafter, the vendor gave the defendant written certificates of titles to the vehicles, helped him drive them to South Carolina, and was aware that a certificate for 600 shares of stock in The Eastern Company, Inc. was left for the defendant at the motel and by him turned over to the vendor to hold. The only difficulty was, as the latter subsequently discovered, that "The Eastern Company, Inc." which had issued this stock certificate was a worthless South Carolina Corporation at least temporarily foreclosed from doing business, and was not the

corporation by the same name the exchange price of which had been quoted to him.

Under Code § 26-1803, theft by deception proscribes obtention of property (a) by deceitful means (b) with the intention of depriving the owner of said property. One deceives another in this context when he creates or confirms another's impression of an existing fact which is false, and which he knows to be false.

The facts stated here show that the sale was a credit sale. A default on a promise to pay for goods in the future cannot be the basis of theft by deception because the representation must refer to a presently existing fact. In *Croy v. State,* 133 Ga. App. 244 (211 SE2d 183) the defendant gave a sight draft for automobiles only on the understanding that they would not be presented for payment a week later, and he did not represent that he had sufficient funds to cover the drafts on the date of issue; accordingly, the promise referred to a future event and was not criminal. In *Vickers v. State,* 124 Ga. App. 752 (186 SE2d 157), on the other hand, the defendant's statements fostered the belief that the checks which he promised to send *in the future* would be good, but he failed to send them. In the present case the defendant's statement that he possessed 800 shares in The Eastern Company was true, and referred to an existing fact. However, he fostered the belief that these shares had a monetary value by being present when the defendant called a stockbroker and the stockbroker quoted a price which the jury was authorized to find the defendant knew did not apply to the shares he actually owned, but to another company in which he owned no shares. The credit was extended on this misrepresentation. That it also referred as a part of the inducement to other acts to be performed in the future does not prevent it from referring to "an existing fact." "A statement that the accused intended thereafter to do a particular thing, made at the time of and in connection with certain other statements as to a past fact, shown to have been false, does not remove from the accused the consequences which the law attaches to false representations made with intent to deceive, and by which one is defrauded and cheated. This is true notwithstanding the representation as to what the

accused intended to do was a part of the inducement under which the defrauded person parted with his money." *Smith v. State,* 116 Ga. 587 (1) (42 SE 766). The verdict was authorized by the evidence.

2. A statement volunteered by the victim on cross examination: "I found out later that [the certificate] was counterfeit and so I knew then I'd been cheated" was objected to as unresponsive to the question, self-serving, hearsay, and conjecture on the part of the witness. The objection was overruled on the ground that it was in explanation of a conclusion called for by the question asked. Since the case is being reversed on other grounds, whether or not the answer was responsive to the question need not be decided. It is noted, however, that there is no evidence other than this statement that the stock certificate was counterfeit in the sense of being forged, and we assume the witness merely meant that it was worthless and not the certificate which he thought had been represented to him. Further direct or cross examination could have clarified this issue. On its face the statement is neither hearsay nor conjecture.

3. The court charged in the statutory language that "a person deceives if he intentionally creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false." The court refused on request to charge: "A false promise of future performance cannot be grounds for conviction of the offense of theft by deception," apparently on the erroneous premise that the sale in question was a cash sale. It was in fact a credit sale, since the trade was made and the certificates of title turned over to the defendant before the parties went to South Carolina where Harris was supposed to reclaim his stock certificate, sell it, and pay the purchase money. The principle of law requested is correct (see *Croy v. State,* supra) and, on request, should be given as making explicit what is implicit in the statutory language — that is, that the deceit must refer to a present or past event and *not to a future promise.* The promise to pay, taken by itself, is of the kind which it is declared in *Croy* cannot by itself be the subject of a criminal prosecution, but the false representation that the defendant owned stock in an

amount sufficient to more than pay for the two vehicles, when made knowingly falsely referring to an existing fact, and relied upon by the vendor to his injury, is the gravamen of the charge. A mere promise to pay the purchase price in the future is not criminally actionable. The jury should, where proper request is made, have this distinction explained to them.

*Reversed and remanded for a new trial. Webb and Marshall, JJ., concur.*

SUBMITTED JANUARY 5, 1977 — DECIDED JANUARY 19, 1977 — REHEARING DENIED FEBRUARY 8, 1977.

*Paul R. Koehler,* for appellant.
*George W. Darden, District Attorney, Joe L. Chambers, Assistant District Attorney,* for appellee.