### 56617. PIERCE v. THE STATE.
### 56618. RAY v. THE STATE.

BELL, Chief Judge.

Defendants were jointly indicted and tried for armed robbery and aggravated assault. They were convicted by a jury of attempted armed robbery and aggravated assault. They have appealed separately but enumerate the same errors. *Held:*

1. A commitment hearing was held after defendants' arrest. The committing magistrate denied motions to dismiss because of insufficient evidence. Thereafter the grand jury returned the indictment against the defendants. Once indicted any error in the commitment hearing process becomes moot. *Walker v. City of Atlanta,* 238 Ga. 723 (235 SE2d 28).

2. As a state's witness proceeded to testify concerning conversations he had with the defendants after their arrest, counsel for one of the defendants interrupted and the following colloquy ensued: "Mr. Kunz: Your Honor, I would like to object at this time. I'm aware of the statements, but I am not particularly satisfied with the voluntariness of them, and I would request that we go into it a little more rather than just saying the Miranda rights were read. I would like the Court to be satisfied that the statements were made voluntarily prior to going into them. The Court: Is it your intent to introduce a confession? Mr. Pitts: There was no confession to my knowledge. There were some statements made, but not in the form of a confession. I will go into the voluntary nature of the statements though. The Court: All right, sir, please do . . ." Thereafter the state proceeded to make a showing through the witness that extrajudicial oral statements made by each defendant were made voluntarily and after each was advised of his rights under the Miranda rule. No objection was later made to the receipt in evidence of the statements, no contention was made that the statements were illegally

obtained and defendants did not seek a Jackson v. Denno hearing outside the presence of the jury. Now for the first time on appeal defendants assert that the trial court erred in not holding a Jackson v. Denno hearing outside the presence of the jury to determine initially whether the statements were voluntarily made. They obtained what they sought, a showing of voluntariness prior to their admission. By their failure to make any further objection, defendants waived any right they may have had to a hearing outside the presence of the jury on this issue. They will not now be heard to complain.

3. On cross examination of a state's witness, counsel for the defendant Ray examined the witness on a defendant's exhibit, which was an Alabama-Georgia road map, and then offered the exhibit in evidence. No other evidence was offered by the defendants. The trial court at the conclusion of the evidence ruled that the defendants by the tender of this exhibit lost their right to make the closing arguments. This ruling was correct for if one defendant offers evidence at a joint trial, the right to conclude is lost to all. *Calhoun v. State,* 135 Ga. App. 609 (218 SE2d 316). The facts that the transcript fails to show that this exhibit was ever "formally" introduced or that the transcript failed to show that the trial court admitted it, are of no consequence for it is obvious from its ruling that the trial court considered the exhibit as part of the evidence.

4. The evidence authorized the convictions for attempted armed robbery and it was thus not error to deny the motion for directed verdict of acquittal.

*Judgments affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 20, 1978 — DECIDED OCTOBER 12, 1978.

*Robert A. Kunz,* for appellant (Case No. 56617).
*Charles B. Collier,* for appellant (Case No. 56618).
*John T. Perren, District Attorney, Robert W. Pitts, Assistant District Attorney,* for appellee.