## 56974. MOTEN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for robbery. *Held:*

1. The sole issue presented is the correctness of the trial judge's order entered pursuant to defendant's motion for discovery. Prior to trial the defendant filed a "motion to require the prosecutor to disclose evidence favorable to the defendant under Brady and Giglio." The motion alleged that the police took written statements from four female witnesses which statements were "contrived and

each of which serves to contradict the others in several respects." The motion further sought the name of a witness known only as "Charles" as well as all information favorable to the defendant.

The trial judge entered an order which recited: ". . . this Court has conducted an In Camera inspection of the entire file of the District Attorney of this Circuit appertaining to said case, and the Court finds nothing of an exculpatory or impeaching nature in said file, except the following: Copy of defendant's statement dated May 4, 1978, made to Detective Steve Owens. The District Attorney states in his place that he does not know the last name of the person identified as Charles in the motion filed by the defendant. The defendant and his attorney were given opportunity to present evidence on the motion; but failed to produce any evidence of any nature. With the exception of the above enumerated items, which the District Attorney is hereby ordered to make available to the defendant or his attorney for inspection and copying, the aforesaid motion is hereby overruled. *Payne v. State,* 233 Ga. 294."

It is now urged that it was error not to allow the defendant to examine the statements of the witnesses since they would have shown contradictions in the testimony of the witnesses and grounds for impeaching them.

In a similar situation where certain statements were alleged to be relevant to the credibility of co-indictees who testified against the appellant, the Supreme Court pointed out that appellant had "the burden of showing that the denial of these statements to him so impaired his defense that he was denied a fair trial within the meaning of the Brady rule." *Wisdom v. State,* 234 Ga. 650, 652 (217 SE2d 244). Accord, *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30); *McGuire v. State,* 238 Ga. 247, 248 (232 SE2d 243); *Pryor v. State,* 238 Ga. 698, 706 (234 SE2d 918). "The conduct of an in camera inspection, and the trial court's ruling that there was nothing in the file favorable to the accused, satisfies the requirements of Brady . . ." *Payne v. State,* 233 Ga. 294, 296 (210 SE2d 775).

The trial judge's finding, after an in camera inspection, that no favorable evidence existed is not

contravened by the record. We therefore find no prejudicial error.

Moreover, here the witnesses gave contradictory testimony as to the circumstances surrounding the crime and defendant's counsel had ample opportunity on cross examination to test their credibility and endeavor to impeach their testimony. Thus, even assuming production of the statements would have revealed inconsistencies, nondisclosure did not deprive the defendant of a fair trial or affect the outcome thereof. See *Carter v. State,* 237 Ga. 617, 619 (229 SE2d 411); *Burger v. State,* 242 Ga. 28, 32 (247 SE2d 834).

2. We find no basis to require the statements be sent to this court since they are not a part of the record below.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED JANUARY 15, 1979 — DECIDED FEBRUARY 21, 1979.

*Thomas C. Dutton,* for appellant.
*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.