59678. TANKERSLEY v. THE STATE.

SHULMAN, Judge.

Appellant-Larry Tankersley and Jerry Bennett (not a party to this appeal) were jointly indicted and tried for a number of offenses allegedly arising from their nocturnal visit to the premises of an automobile dealership. From his conviction on all counts, Tankersley brings this appeal. We affirm.

1. Appellant enumerates as error the denial of his motion for discovery. The record shows, however, that appellant's motion was not denied. The trial court entered an order requiring disclosure of all reports of tests or examinations and requiring the submission of the prosecutor's file for *in camera* inspection, after which the trial court would order disclosure to appellant of any evidence which was exculpatory or would "aid the orderly administration of justice."

Appellant's argument on appeal (although the enumeration is phrased in terms of denial of his motion) is that certain information, specifically the prosecution's plan to use evidence seized in a search of appellant's business premises in connection with another criminal charge, should have been revealed to the defense. The harm asserted is that appellant was unable to attack the search by means of a motion to suppress evidence. We find neither error nor harm.

The order of the trial court requiring disclosure of certain types of evidence and providing for an *in camera* inspection of the state's file by the trial judge was an appropriate judicial response to appellant's motion, giving him all the relief to which he was entitled. See *Moten v. State,* 149 Ga. App. 106 (1) (253 SE2d 467).

Furthermore, the transcript shows that appellant's counsel represented appellant in the previous case from which the contested evidence came and that he filed and unsuccessfully argued a motion to suppress the evidence seized in that search. Appellant and his counsel were, therefore, undoubtedly familiar with the evidence involved. In addition, it appears from the record that appellant and his counsel were informed at the beginning of the trial that the state intended to use evidence seized in that earlier search. It is clear, therefore, that appellant had an opportunity to seek the suppression of the evidence in a timely fashion (see *Thomas v. State,* 118 Ga. App. 359 (2) (163 SE2d 850)), but failed to do so. Under those circumstances, we find no cause for reversal in the issue raised by this enumeration of error or those raised by enumerations of error complaining of the admission of the evidence seized in the previous search and testimony pertaining thereto.

2. Contending that he and his co-defendant had antagonistic defenses, appellant argues that the trial court committed reversible error by failing to sever appellant's trial from that of his co-defendant. The claim of antagonistic defenses is based on appellant's assertion that the state presented no evidence to show appellant's knowledge that the truck he drove to the scene of the crimes was stolen.

There was, however, evidence from which it could be inferred that appellant was well aware that the vehicle was stolen: the false identification number plates found thereon were from a salvage vehicle which had been on appellant's property at the time of the search in the previous case. There was nothing antagonistic in the defenses of Tankersley and Bennett.

"The trial judge did not abuse his discretion delegated to him in Code Ann. § 27-2101 . . . by refusing severance to the co-defendants who were jointly indicted for the same offenses, which involved the same witness, and the evidence indicated that they acted in concert.

[Cit.]" *Hall v. State,* 143 Ga. App. 706 (1) (240 SE2d 125).

3. The denial of appellant's motion to sever the charges is also enumerated as error. Appellant's argument on this issue is based on his contention that the offenses were joined only because they were of similar character and on the holding in *Dingler v. State,* 233 Ga. 462 (211 SE2d 752), that when offenses are joined solely because they are of similar character, the defendant is entitled to a separate trial on each charge.

We do not find *Dingler* applicable to this case. All the charges against appellant arose from a single transaction. The charges of criminal trespass, entering an auto with criminal intent, removed identification numbers, and possession of tools for the commission of a crime all involved the activities of the defendants on the premises of the automobile dealership; the two charges of retaining stolen property and the altered identifying numbers charge all related to the vehicle in which appellant and Bennett arrived at the scene of the crime and which they abandoned there when the police arrived; and the obstruction of an officer charge stemmed from the defendants' efforts to avoid apprehension for the other offenses. Under those circumstances, we find no abuse of the trial court's discretion in the denial of appellant's motion to sever the counts of the indictment for trial. *Wilson v. State,* 245 Ga. 49 (4) (262 SE2d 810).

4. In two enumerations of error, appellant contends that his conviction for obstructing an officer cannot stand because the conduct alleged to constitute the offense was no more than flight and because it was not appellant but his co-defendant who was seen by the police officer at the scene of the crime. We find no merit in either assertion of error.

A. Though he cites no authority in support of his position, appellant insists that there cannot be an obstruction of an officer without physical resistance. We disagree.

"A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Code Ann. § 26-2505. Webster's New International Dictionary, 2d Ed., 1961, lists as synonyms for "hinder" the following: "retard, delay; hamper, impede, block." The duty of the law enforcement officer who arrived at the scene of the crimes with which appellant has been charged was to arrest the person or persons who appeared to be there without authority. The evidence shows that the officer observed a person running away, gave chase, called out a command to stop, and even fired a warning shot. Under that evidence, the jury was authorized to infer that the fleeing suspect knew that a police officer was attempting to perform his official duty, and to find that the suspect deliberately took action to delay, hamper

or impede the officer in the performance of his duty.

In *Chaplin v. State,* 141 Ga. App. 788 (2) (234 SE2d 330), it is implied that flight, or attempted flight, after a command to halt constitutes obstruction of an officer within the meaning of Code Ann. § 26-2505. There, the defendant attempted to flee, but stopped on command and submitted to arrest. After reciting those facts, this court found that the evidence demanded a finding that the defendant had not obstructed the police officer in making the arrest. See also *Barlow v. State,* 145 Ga. App. 93 (243 SE2d 328), affirming a conviction for the same offense where the conduct alleged was that the appellant fled on foot while an officer attempted to place him under lawful arrest. The trial court did not err in refusing to quash the count of the indictment charging appellant with obstructing an officer.

B. The law enforcement officer who first arrived at the scene testified that the man he chased wore a red cap. Other testimony had established that appellant's co-defendant wore a red cap on the evening in question. Therefore, appellant argues, there was no evidence that *he* obstructed an officer. However, the record is replete with evidence that the defendants acted in concert in committing the crimes charged. Under those circumstances, the acts of each conspirator are imputable to the other, including acts occurring in the concealment phase of a conspiracy, intended to hinder or impede the investigation. *Llewellyn v. State,* 241 Ga. 192 (3) (243 SE2d 853). There was no error in denying appellant's motion for directed verdict on the obstruction charge.

5. Appellant's contention that the indictment was illegally amended by masking the recidivist count is patently without merit. That procedure has long been required in this state. *Clemmons v. State,* 233 Ga. 187 (210 SE2d 657).

6. Appellant contends without supporting authority that the trial court committed reversible error by permitting the state to provide each juror with a copy of the indictment and with a note pad. The only harm appellant alleges was that the jurors were enabled to view the charges in this complex case throughout the trial. We find neither error nor harm in the procedure followed.

7. Appellant next asserts that "[t]he court erred in allowing hearsay evidence to be presented to the jury without curative instructions." We disagree.

The record in this case clearly shows that the evidence characterized by appellant as "hearsay" was actually *original evidence* offered to explain conduct in accordance with the provisions of Code Ann. § 38-302. The record further discloses that appellant failed to request the trial court to instruct the jury to limit its

consideration of this evidence to one purpose. "It is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.* [Cits.]" *Harrell v. State,* 241 Ga. 181, 186 (243 SE2d 890).

8. In his 9th and 11th enumerations of error, appellant objects to the admission of the results of a lineup identification in which he was affirmatively identified as having been present at the automobile dealership at the time in question. Appellant contends that the lineup was impermissibly suggestive because two persons who had appeared in the lineup containing appellant's co-defendant subsequently appeared in appellant's lineup. Using the two-step inquiry enunciated by this court in *Daniel v. State,* 150 Ga. App. 798 (258 SE2d 604), we have reviewed the record and have found nothing indicating the possibility that a "substantial likelihood of irreparable misidentification" existed in this case *even assuming* that the lineup in question may otherwise have been suggestive. The chief witness for the state testified that he had the opportunity to view appellant under bright lights and at distances ranging from 3 feet to 50 feet for at least 15 minutes while appellant was moving about the premises of the automobile dealership. Appellant's argument that his allegedly suggestive lineup created a "substantial likelihood of irreparable misidentification" is accordingly unpersuasive.

9. Appellant next asserts that the trial court erred in overruling his objection and subsequent motion for mistrial directed toward an allegedly improper question and response which occurred during the state's questioning of one of its witnesses. We disagree.

The record discloses that after the allegedly prejudicial exchange took place, the trial court gave an instruction to the jury concerning the exchange which had the clear effect of curing any harm which may have accrued to appellant as a result of possible implications raised by question and response. As a result, appellant cannot now show reversible error in this regard. See *Sweeny v. State,* 152 Ga. App. 765 (2) (264 SE2d 260).

10. Appellant further contends that the trial court erred in denying his motion for directed verdict with respect to the counts of the indictment charging him with possession of a truck with an altered identification number and possession of stolen property. More specifically, appellant asserts that the state presented no evidence tending to establish that appellant had any knowledge of the truck's altered identification number or its status as a stolen vehicle, and that a directed verdict on the counts of the indictment listing these crimes of possession was therefore erroneously denied.

We reject this assertion.

The state presented competent evidence that appellant abandoned the truck while engaged in an attempt to steal another vehicle, that appellant fled the scene of this endeavor despite a police officer's order to halt, and that appellant had been in possession of the wrecked vehicle which had supplied the license plate for the vehicle in question. In view of such evidence, the trial court correctly denied appellant's motion for directed verdict. See *Jones v. State,* 139 Ga. App. 643, 646 (229 SE2d 121).

11. In his 16th enumeration of error appellant asserts that "[t]he Court erred in overruling appellant's motion for mistrial . . . upon interjection of appellant's character into issue." Appellant contends that the state impermissibly placed his character in issue by questioning him before the jury about testimony he gave at a previous trial. We find no merit in this contention.

The state limited the scope of its questioning to strictly factual matters not having any bearing upon appellant's culpability for the crimes for which he had previously been tried. "No inference derogatory of one's reputation or character can be drawn from the mere proof that he has occasionally been seen in court." *Cherry v. State,* 220 Ga. 695, 696 (3) (141 SE2d 412). Accord, *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73); *Garrett v. State,* 141 Ga. App. 584 (1) (234 SE2d 161).

12. Enumerations of error 17, 18 and 19 all involve attacks by appellant upon charges given by the trial court. A review of the record discloses that the charges in question were correct, if somewhat unconventional, statements of the law applicable to this case. We find no error in this regard. See *Spencer v. State,* 231 Ga. 705, 707 (203 SE2d 856).

13. Appellant next asserts that the trial court erroneously considered previous *probated* sentences served by appellant when sentencing him in the instant case under the recidivism provisions of Code Ann. § 27-2511. This assertion is controlled adversely to appellant by the opinion of this court in *Bennett v. State,* 132 Ga. App. 397 (3) (208 SE2d 181).

14. In his final enumeration of error appellant argues that "[t]he court erred in not requiring the state to submit certified copies of the prior conviction of appellant Tankersley for purposes of treatment under recidivist statute." We disagree.

No requirement exists under Georgia law which would limit the state to a single means of proving prior convictions of a criminal defendant in order to have the recidivism statute applied to the sentencing of the defendant. Appellant cites no authority to the contrary, and his final enumeration is accordingly without merit.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

Submitted April 9, 1980 — Decided September 4, 1980 —
Rehearing denied October 1, 1980 —

*Mobley F. Childs,* for appellant.
*Frank C. Mills, III, District Attorney,* for appellee.