## 61607. HANCOCK et al. v. THE STATE.

McMURRAY, Presiding Judge.

Defendants Stephen Hancock, Alan W. Robbins, and Hancock-Robbins, Incorporated, a Georgia corporation, were jointly indicted, tried, and convicted of the offense of theft by deception in that they did, between February 23, 1979, and August 1, 1979, unlawfully obtain property in the amount of $54,932.81 of the Board of Commissioners of Roads and Revenues of Bulloch County, Georgia, the citizens and taxpayers of Bulloch County, Georgia, and the Library Board of the Statesboro Regional Library, with the intention of depriving said owner and owners of said property by deceitful means and artful practices in creating and confirming and causing to be created and confirmed "another's impression of an existing fact and past event which was false." The defendants allegedly knew and believed same to be false, having entered into a contract to erect a new Statesboro Regional Library, Statesboro, Georgia, and had, between the dates stated above, executed and caused to be executed certain contractors' applications for payment which contained the statement that "all amounts have been paid by

him (Contractor) for Work which previous Certificates for Payment were issued and payments received from the Owner." In reliance upon said false statements of fact the owners of the library under construction "did pay certain sum and sums of money . . ." to the defendants to which they were not entitled. The defendant corporation was sentenced to pay a $1,000 fine and the individual defendants were sentenced to serve a term of 2 years. Defendants then filed their motion for new trial which was amended and after a hearing denied. Defendants appeal. *Held:*

1. The elements of the crime here are (a) the creation or confirmation of another's impression of an existing fact or past event which is false; (b) the defendant knowing or believing same to be false; (c) same was made with intent to deceive; (d) did deceive; and (e) the party relying on such representation was thereby induced to part with his property. See Code Ann. § 26-1803 (Ga. L. 1968, pp. 1249, 1290). If the only proof of *an essential element of the crime* with which a defendant is charged was by circumstantial evidence, the trial court should have charged the law on circumstantial evidence even without request, and failure to do so is reversible error. See *McGruder v. State,* 213 Ga. 259 (4), 264 (98 SE2d 564); *Jones v. State,* 105 Ga. 649 (31 SE 574); *Williams v. State,* 239 Ga. 12, 13 (2) (235 SE2d 504); *Campbell v. State,* 129 Ga. App. 836, 837 (201 SE2d 666); *Nelms v. State,* 150 Ga. App. 720, 721 (258 SE2d 531); *Howard v. State,* 148 Ga. App. 598, 599-600 (5) (251 SE2d 829); *Weaver v. State,* 135 Ga. 317 (2), 320 (69 SE 488); *Boyd v. State,* 201 Ga. 853 (2) (41 SE2d 309). Accord, *Germany v. State,* 235 Ga. 836, 840-844 (2) (221 SE2d 817).

Here the defendants made a specific written request to charge the substance of Code § 38-109 with reference to circumstantial evidence, that is, in order to warrant a conviction on circumstantial evidence "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." The sum and substance of the error enumerated here is that the trial court in failing and refusing to charge the substance of Code § 38-109 with reference to circumstantial evidence, the court erred inasmuch as the law of this state mandates that such a charge on circumstantial evidence must be given where the defendant had made a timely written request therefor. See *Julian v. State,* 134 Ga. App. 592, 593 (6), 599 (215 SE2d 496); *Horne v. State,* 93 Ga. App. 345, 346 (4) (91 SE2d 824); *Jones v. State,* 91 Ga. App. 662 (86 SE2d 724); *Loomis v. State,* 78 Ga. App. 336, 338 (10) (51 SE2d 33). Of necessity, if any one of the essential elements shown above is based upon circumstantial evidence in order to prove same, the trial court erred in failing to

charge as requested. But, even so, there was a written request to charge, and it should have been given in charge. ·

The thrust of the evidence here was that defendant Hancock, for the defendant corporation, had signed numerous applications and certificates for payment documents and the corporation had received in return checks (monies) as a consequence. The applications or certificates for payment stated clearly, commencing with the second payment "that all amounts have been paid . . . for Work for which previous Certificates for Payment were issued and payment received from the owner, and that the current payment shown herein is due." Nonetheless, numerous creditors of the defendant contractor, many of whom testified at trial, had not been paid for services or materials. Defendants' argument by brief was that defendants had not in fact received the proceeds of these payments but had spent them to benefit the library under construction. They contend the state failed to prove that all the money obtained through these certificates had not been applied to the library job, admitting, however, that they owed numerous debts in the construction of the library which had been underbid; yet they had expended all the money on the job. Consequently, there is no evidence unless based upon the circumstances that the defendants have in anywise received any of the funds paid by reason of the certificates. See also Division 2 with reference to defendant Hancock as to knowledge of the circumstances. Based upon the facts and circumstances of this case it is clear that the trial court should have charged the substance of Code § 38-109 in order to exclude every reasonable hypothesis of guilt save that of the guilt of the defendants. This enumeration of error is meritorious.

2. In the case sub judice, each of the certificates was signed for the corporation by the defendant Stephen Hancock. The only connection between the defendant Alan W. Robbins and the defendant Hancock was that of his corporate association. Consequently, for the defendant Robbins to be guilty his conviction can be sustained only by reason of circumstantial evidence. No evidence was introduced suggesting that defendant Robbins in any way helped prepare the documents nor that he was aware of any falsity of the documents, and he could only be implicated if the corporation has benefited by the execution of the same. Again an issue of circumstantial evidence is shown.

The evidence here established that this was a small corporation having only two officers who were involved in the business transactions of the corporation. The circumstances shown were sufficient for the jury to determine, if properly charged on circumstantial evidence, that the defendant Robbins as corporate

secretary was in any manner aware of receipt of monies by the corporation. Consequently, the trial court did not err in denying the motion for directed verdict of acquittal in favor of defendant Robbins. See in this connection *Parker v. State,* 155 Ga. App. 617 (2) (271 SE2d 871); *Wright v. State,* 147 Ga. App. 111 (248 SE2d 183); *Elam v. State,* 125 Ga. App. 427, 430 (2) (187 SE2d 920); *Redwine v. State,* 207 Ga. 318 (61 SE2d 481). Compare *Birge v. State,* 143 Ga. App. 632, 639 (10) (239 SE2d 395).

3. The trial court did not err in failing to charge the full and complete language of the statute (Code Ann. § 26-1803) with reference to the last paragraph thereof which involves "puffing," as being statements unlikely to deceive ordinary persons in the group addressed. The object of the applications and certificates was to receive the funds and did not involve the sale of a product. Compare *Vickers v. State,* 124 Ga. App. 752 (186 SE2d 157); *Harris v. State,* 141 Ga. App. 213 (233 SE2d 21).

4. The certificate to obtain funds is based on statements therein that bills had been paid for which previous certificates for payment were issued and payments received from the owner "to the best of his knowledge, information and belief," said certificates being signed by the defendant Hancock. There is no merit in the complaint that the evidence was insufficient to support their conviction, as it is clear that the defendant corporation received the funds and benefited therefrom and it is not at all definite and certain that every payment amount received was not paid out so as to benefit the corporation. The state in this instance has not improperly tried the defendants under Code Ann. § 26-1803, supra, in lieu of Code Ann. § 26-1808.1 (Ga. L. 1976, pp. 1456, 1457), inasmuch as the latter statute refers to theft by conversion of payments for property improvements which refers to lawfully obtaining funds or other property of another rather than falsely obtaining same. There is no merit in defendants' complaint that they were prosecuted under a statute that does not apply to them.

5. Neither does the prosecutor's closing argument concerning the fact that grand jurors had indicted these defendants when combined with the court's restriction of voir dire constitute reversible error. No gross misconduct was involved in the district attorney's closing remarks in this instance. See *Hendrix v. State,* 173 Ga. 419, 420 (2) (160 SE 614). Compare *Patton v. State,* 117 Ga. 230, 231 (10), 238 (43 SE 533). The defendants' counsel neither objected to these comments nor moved for mistrial, and no reversible error has been shown as to the denial of the right to examine the individual jurors separately or to ask questions of them which prejudiced the case. See *Todd v. State,* 243 Ga. 539, 544 (7) (255 SE2d 5), and cases

cited.

6. With reference to the other arguments made by the district attorney, he was entitled to argue to the jury his version of what took place at the trial for considerable latitude is allowed. See *Bryant v. State,* 146 Ga. App. 43, 44 (2) (245 SE2d 333), and *Hightower v. State,* 135 Ga. App. 275, 277 (1) (217 SE2d 636). Since inference and deductions could be drawn by the district attorney, even though incorrect, the trial court properly did not intervene. See *Inman v. State,* 72 Ga. 269 (3), 274; *Linder v. State,* 132 Ga. App. 624, 626 (5) (208 SE2d 630). No manifest abuse of the court's discretion has been shown. *McCorquodale v. State,* 233 Ga. 369, 376 (10) (211 SE2d 577); *James v. State,* 215 Ga. 213, 215 (4) (109 SE2d 735).

7. As the state's exhibit with reference to an accounting statement of the defendant Hancock-Robbins, Inc., was identified as being the same given to the witness by the defendant Hancock, it cannot be said that the state failed to comply with the defendant's motion for discovery to produce it as it came from the defendants' possession originally. Further, there was no objection whatsoever to the introduction of this accounting statement into evidence, and there is no merit in this complaint. No error has been shown in the instant case whereby the trial court erred in its in camera inspection that there was nothing in the file favorable to the defendants which comports with the procedure suggested by case law. See *Payne v. State,* 233 Ga. 294, 296-297 (210 SE2d 775); *Moten v. State,* 149 Ga. App. 106, 107 (253 SE2d 467). There is no merit in the complaint that the trial court erred in denying the motion in limine as to the various creditors and witnesses because the same would be irrelevant, repetitious, and cumulative evidence offered in a manner to prejudice the defendants' case. The nonpayment of these creditors is one of the essential elements of the crime charged. It cannot be said that there was selective prosecution of the defendants in this case and not in others; nor does the same constitute outrageous governmental conduct which denied the defendants a fair and impartial trial.

8. In consideration of the general grounds of the motion for new trial as well as a careful review of the entire record and transcript clearly based on circumstantial evidence with reference to the three defendants as to elements of conspiracy, fraud, and deceit, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendants beyond a reasonable doubt, and the evidence was sufficient to support the verdict of guilty. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201).

For the reasons stated in Division 1, the court failed to charge on circumstantial evidence and clearly some of the essential elements of the crime necessitated the consideration of circumstantial evidence to prove same. A new trial is necessary.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 17, 1981.

*Diane E. Marger, Edwin Marger, Robert O. Davies,* for appellants.

*J. Lane Johnston, District Attorney, William F. Todd, Jr., Assistant District Attorney,* for appellee.