## 61738. MUSE v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of three counts of theft by receiving stolen property.

1. It is first urged that appellant was denied his right to a thorough and sifting cross-examination. During the course of cross-examination, a witness for the state was asked by defense counsel if he were familiar, from his own personal knowledge, with who had done a certain construction job at some time in the past. The witness responded: "I know who came in there and talked to me about that [construction project.]" When asked who it was who had talked to him, the witness named two individuals, neither of whom was appellant. At that point the state made a relevancy objection to evidence concerning what persons other than appellant had done in the past in connection with events apparently not in issue in the case. Outside the presence of the jury, defense counsel stated in essence that the testimony was relevant to show that appellant had authority from the contractors on the past construction project to charge material in their name. Since it was appellant's defense that the property he had received was not stolen but had been charged to the same individuals, though admittedly not in connection with the past

project, it was urged that inquiry of the witness concerning the past project was relevant "to show that [appellant] had in the past done business in this manner and that at the time he was arrested he thought he was doing business in that manner again." The state's relevancy objection was sustained and defense counsel was not permitted to cross-examine the witness further about what he had been told concerning the past construction project.

On appeal appellant asserts that evidence concerning his past business associations and dealings was relevant to his defense to the crime charged and that it was error to deny him the opportunity to pursue that issue through cross-examination of the witness. Assuming without deciding that such evidence would be relevant for the reasons urged, we find no reversible error in prohibiting further cross-examination of the witness on that issue. The witness was asked if he had personal knowledge of the prior construction project and he responded that he knew what he had been told by others. It is thus clear that any testimony by the witness concerning the previous construction project and what he had been told about it by others, would have been inadmissible and totally hearsay without probative value. Thus, even assuming the issue was an otherwise relevant point of inquiry in the case, it was not error to prohibit appellant from eliciting testimony about it from this witness on cross-examination. See *Bell v. State,* 71 Ga. App. 430, 433 (2) (31 SE2d 109) (1944); *Dowdy v. State,*159 Ga. App. 805 (1981). The transcript demonstrates that appellant's business associates were themselves subsequently called as witnesses in the case and gave their testimony concerning their previous business dealings with appellant, including the fact that he had had the authority to charge materials in their names. See *Dowdy,* 159 Ga. App. 805, supra. Accordingly, we find no merit in this enumeration of error.

2. Appellant enumerates as error the exclusion of certain testimony by a defense witness. Apparently this witness would have testified that appellant had authority to order materials from the corporation which owned the allegedly stolen property and to charge them to the account of a third party. At the time this testimony was proffered and excluded, the fact that appellant had such authority had already been established by the testimony of the authorizing party himself. Thus, no reversible error is shown "inasmuch as the testimony was merely cumulative of other evidence properly before the jury. [Cits.]" *Milstead v. State,* 155 Ga. App. 407, 408 (2) (270 SE2d 820) (1980).

Nor was it error to exclude testimony of a defense witness to the effect that the corporation "had a history of delivering materials [to the customer] without the ticket." Apparently appellant contends

that this evidence would have established that it was not "uncommon" for the corporation to deliver materials without a *copy* of the order also being given to the customer. This was irrelevant and immaterial in the context of the instant case where the question was whether certain materials, for which apparently *no* original charge ticket had ever been made, were stolen and whether appellant received those materials with knowledge that they were stolen. "[W]here the evidence did not appear to be material or illustrative of any issue in the case, its exclusion was not error. [Cit.]" *MacNerland v. Johnson,* 137 Ga. App. 541, 542 (1) (224 SE2d 431) (1976).

3. We find no abuse of discretion in the trial court's decision to give the "Allen" charge. *Thornton v. State,* 145 Ga. App. 793 (245 SE2d 22) (1978). The charge as given was not erroneous for any reason urged on appeal. *Spaulding v. State,* 232 Ga. 411, 413 (4) (207 SE2d 43) (1974).

4. The argument that the trial court impermissibly commented on appellant's credibility and placed his character into issue is totally without merit. Acting at the state's request, the trial court merely directed appellant to be responsive to cross-examination. In response to appellant's assertion that he was trying to do so, the court stated that it, not appellant, would have to be the judge of whether the answers were in fact responsive. We find no improper comment or intimation of opinion by the trial judge. See *Cape v. State,* 246 Ga. 520, 523 (4) (272 SE2d 487) (1980).

5. Since the evidence adequately supports the verdict and is sufficient under established review criteria, there is no merit to the enumeration raising the general grounds. After studying the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981 —
REHEARING DENIED NOVEMBER 3, 1981 —

*Gordon Staples, Rhonda A. Brofman,* for appellant.
*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.