67199. MITCHELL v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of armed robbery. The evidence adduced at trial revealed that on March 22, 1980, appellant entered Dutch's Fried Chicken, a Chatham County restaurant, and told employee Shirley Lemon that he and his companions were going to rob the place and that she should leave. Ms. Lemon ignored appellant but later turned around to find that he had pulled a gun and was holding it to the cashier's head. Appellant, along with his cohorts, took money from the cash register and a lock box and exited by way of the back door. However, when the police officers arrived, Ms. Lemon told them that the perpetrators had all worn masks and that she was therefore unable to recognize any of them.

At a later date, Detective Murphy was given a tip by an informer that Ms. Lemon was not telling everything she knew about the robbery at Dutch's. When the detective confronted her, Ms. Lemon admitted that even though the robbers had worn masks, she could

identify appellant as one of the men involved in the robbery. Appellant was subsequently arrested for the Dutch's Fried Chicken robbery, but at his preliminary hearing Ms. Lemon again switched her story and testified that the men who robbed the restaurant had worn masks and were impossible to identify. Thereafter, all charges against appellant were dismissed.

Appellant was later indicted by special presentment by the Chatham County Grand Jury for the armed robbery of Dutch's Fried Chicken. At trial, Ms. Lemon testified that she could identify appellant as the one who held the gun to the cashier's head. When asked about her conflicting testimony, Ms. Lemon explained that she had lied earlier because she had feared for her life. She insisted that she could truthfully identify appellant as a participant in the robbery. The jury returned a verdict of guilty and this appeal ensued.

1. Appellant claims that the trial court erred when it refused to instruct the jury regarding the effect of a witness wilfully and knowingly swearing falsely.

OCGA § 24-9-85 (b) (Code Ann. § 38-1806) states: "If a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." Since Ms. Lemon admitted that she had lied when she previously testified that she could not identify any of the robbers, appellant, citing *Roach v. Carroll,* 110 Ga. App. 636 (139 SE2d 523), asserts that the above Code section should have been included in the trial court's jury instructions even absent a specific request from appellant.

The language of OCGA § 24-9-85 (b) (Code Ann. § 38-1806) "was substantially given by the judge, wherein he instructed in detail about the believability of witnesses and disbelieving a discredited witness . . . The charge as a whole substantially covered the principle urged; therefore, the failure to charge in the exact language of the Code section was not error." *Poteat v. State,* 251 Ga. 87 (3) (303 SE2d 452). In any event, "on the question of the wilfulness of [Ms. Lemon's] false swearing she was entitled to explain her reasons for doing so, and the jury could consider this explanation in passing on her credibility. [Cits.] The jury could have believed her explanation that she gave a false account of the [robbery] because she was afraid of the defendant and did not want him to know that she was the one who had told of his participation in it." *Montgomery v. State,* 224 Ga. 845, 848 (165 SE2d 145). Accordingly, the trial court did not err by failing to charge OCGA § 24-9-85 (b) (Code Ann. § 38-1806) verbatim to the jury.

2. Contending that Ms. Lemon's testimony should have been disregarded in light of her false swearing, appellant maintains that

the evidence presented was insufficient to authorize his conviction. However, appellant's basic premise is faulty, as is evidenced by our conclusion in Division 1.

After a careful review of the record, we hold that the evidence, as summarized above, was sufficient to authorize a rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Arnold v. State,* 155 Ga. App. 782 (2) (272 SE2d 751).

3. Appellant contends that the trial court erred in denying him the opportunity to open and conclude argument to the jury.

"After the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed." OCGA § 17-8-71 (Code Ann. § 27-2201). In the present case, the trial court ruled that appellant had introduced an exhibit into evidence thereby precluding him from opening and closing the final arguments to the jury. The following colloquy transpired at trial when defense counsel was examining a state witness:

"[Defense Counsel]: I offer Defendant's Exhibit 1. I'll wait until I put my case up, Your Honor.

"[Assistant District Attorney]: Your Honor, I'll admit it into evidence at this time.

"[Defense Counsel]: Well, I don't think it's even proper. Let me just withdraw that tender and I'll do it —

"The Court: What are you doing now?

"[Defense Counsel]: Well, I got the cart before the horse, Judge.

"[Assistant District Attorney]: Your Honor, I would have no objection to its admission now or later, so I'd like to waive any —

"The Court: Well, I'm going to let the record show that Defendant's Exhibit 1 is admitted into evidence."

The above exchange at trial makes it abundantly clear that appellant's counsel did in fact intend to introduce Defendant's Exhibit 1 into evidence and that the item's admission is not erroneous simply because it occurred during defense counsel's cross-examination of a state witness. See *Pierce v. State,* 147 Ga. App. 529 (3) (249 SE2d 338).

Furthermore, since appellant failed to object at trial to the trial court's failure to allow him the opportunity to open and close the final argument, he may not now raise the issue on appeal. *Scott v. State,* 243 Ga. 233 (2) (253 SE2d 698); *Burke v. State,* 153 Ga. App. 769 (5) (266 SE2d 549).

4. At trial, Detective Murphy was allowed to testify that when

he confronted Ms. Lemon about her initial account of the robbery, she admitted that she had lied and that she could in fact identify appellant as one of the participants in the robbery. Appellant objected to this testimony, arguing that it was inadmissible hearsay, but the trial court ruled that the testimony was admissible to explain Detective Murphy's subsequent conduct in arresting appellant. See OCGA § 24-3-2 (Code Ann. § 38-302). Appellant asserts that the testimony in question was not admissible to explain the detective's conduct since his conduct in arresting appellant was irrelevant to the issue of appellant's guilt or innocence.

Regardless of whatever merit appellant's argument may have, the admission of the disputed testimony was harmless since it was cumulative in nature. *Dover v. State,* 250 Ga. 209 (5) (296 SE2d 710). Ms. Lemon had previously admitted that she had given several conflicting statements about the robbery, so the admission of Detective Murphy's testimony reiterating that fact could not have adversely affected appellant's case. Therefore, appellant's final enumeration is without merit.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 31, 1984.

*William O. Cox,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.