## 67884. COOK v. THE STATE.

BENHAM, Judge.

Appellant was indicted for armed robbery and found guilty of an included offense, robbery. On appeal, he questions the sufficiency of the evidence presented against him and contends that the trial court erroneously denied his motion for mistrial.

1. At trial, both the victim and his daughter, Ms. Cook (of no relation to appellant), testified that two men committed the robbery. Ms. Cook stated that the "first guy" grabbed her father and the other man pointed a gun at her and told her to keep going. She identified the second man as appellant and stated that she had previously identified Michael Tarplan as the first man. The witness was thoroughly cross-examined as to her identification testimony, and remained positive that appellant had participated in the crime against her father.

"Issues regarding credibility of witnesses must be resolved *solely* by the jury. [Cits.]" (Emphasis supplied.) *Redd v. State*, 154 Ga. App. 373 (1) (268 SE2d 423). Obviously, the jury chose to believe Ms. Cook's testimony that appellant was a perpetrator of the crime she witnessed, and this appellate court cannot substitute its opinion for that rendered by the jury. The eyewitness' identification of appellant as a participant in the crime was sufficient evidence for a rational trier of fact to have found appellant guilty. See *Mitchell v. State*, 169 Ga. App. 630 (314 SE2d 468).

2. At trial, the arresting officer testified that he arrested appellant at Grady Hospital, where he was suffering from a gunshot wound. There was no evidence that either of the perpetrators was shot during the armed robbery with which appellant was charged. Appellant moved for a mistrial on the ground that the officer's testimony impermissibly placed appellant's character in issue. We disagree.

"The testimony of the police officer did not tend to reflect upon the character of the accused or raise any issue in regard to his character . . . No inference derogatory of one's reputation or character can be drawn from the mere proof that he has [been hospitalized with a

gunshot wound]." *Cherry v. State*, 220 Ga. 695 (3) (141 SE2d 412) (1965); *Standridge v. State*, 158 Ga. App. 482 (5) (280 SE2d 850) (1981). See also *Tankersley v. State*, 155 Ga. App. 917 (11) (273 SE2d 862) (1980) (where questioning by the State of the defendant about testimony he had given at a previous trial did not place his character in evidence); *Welborn v. State*, 132 Ga. App. 207 (3b) (207 SE2d 688) (1974) (testimony of a uniformed officer that he had had occasion to talk with the defendant did not place the latter's character in issue). Similarly, the officer's testimony that appellant had suffered a gunshot wound did not impermissibly place appellant's character in issue.

*Judgment affirmed. McMurray, C. J., Deen, P. J., Quillian, P. J., Birdsong, Carley, and Pope, JJ., concur. Banke, P. J., and Sognier, J., dissent.*

DECIDED JUNE 15, 1984 —
REHEARING DENIED JUNE 29, 1984 — 

*Carl P. Greenberg*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Harvey Moskowitz, Assistant District Attorneys*, for appellee.

BANKE, Presiding Judge, dissenting.

I do not consider the evidence in this case sufficient to support a conviction under the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The victim of the robbery was unable to identify the appellant as having been one of the perpetrators, although he stated that he knew the appellant "by sight." Consequently, Ms. Cook's testimony constituted the only evidence connecting the appellant to the crime. As noted in the majority opinion, Ms. Cook had originally told police that the person who grabbed her father was Michael Tarplan. She later reaffirmed this identification by selecting Tarplan's photo from a display shown to her by police and by testifying against him under oath at his preliminary hearing. However, in the company of Tarplan's brother Steve and another of Tarplan's brothers, she subsequently visited the detective in charge of the investigation, informed him that Tarplan had not been involved, and, for the first time, implicated the appellant. According to the detective, the appellant's name was furnished to him on this occasion not by Ms. Cook but by Steve Tarplan, who was described as having "done all the talking." Despite all of this, Ms. Cook was never asked to identify the appellant from a lineup, nor was she otherwise asked to verify her identification of him prior to trial. Furthermore, neither of Tarplan's brothers was called as a witness.

Under the rule announced by the Supreme Court in Jackson v. Virginia, supra, the proper test for assessing the sufficiency of the evidence to support a criminal conviction is no longer whether there is "any evidence" of guilt but whether the evidence, taken as a whole, would permit a rational trier of fact to find proof of guilt beyond a reasonable doubt. Accord *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980); *Muse v. State*, 160 Ga. App. 272 (5) (287 SE2d 224) (1981). Unless we are to consider this distinction totally meaningless, I believe the appellant's conviction must be reversed.

I am authorized to state that Judge Sognier joins in this dissent.