## 69908. JONES v. THE STATE.
### (331 SE2d 28)

CARLEY, Judge.

Appellant was tried before a jury and convicted of armed robbery and aggravated assault. He appeals from the judgments of conviction entered on the guilty verdicts.

1. Appellant asserts that the trial court erred in denying his motion for mistrial when the State impermissibly placed his character in issue. The evidentiary basis for this enumeration is that, during cross-examination of a detective, the State asked the witness why he did not interview a Steven Ridgeway. The witness responded that it was because appellant and Ridgeway were friends and "they had done some things together." Later during the trial, the State introduced evidence of Ridgeway's prior conviction of burglary. Appellant asserts that the jury could have inferred that he had committed a burglary with Ridgeway.

There was absolutely no evidence presented at trial that appellant had committed a burglary with Ridgeway. " 'The testimony of the [witness] did not tend to reflect upon the character of the accused

or raise any issue in regard to his character . . . No inference derogatory of one's reputation or character can be drawn from the mere proof that [he was friends with and had done things with a convicted burglar].' [Cits.]" *Cook v. State*, 171 Ga. App. 431-432 (320 SE2d 195) (1984). See also *Welborn v. State*, 132 Ga. App. 207, 208 (3b) (207 SE2d 688) (1974); *McGaskey v. State*, 115 Ga. App. 627 (1) (155 SE2d 817) (1967).

2. Appellant enumerates as error the method employed by the State in impeaching the testimony of Ridgeway. The evidence shows that the original record of Ridgeway's conviction of burglary was tendered into evidence. We find no error. See OCGA § 24-5-4; *Moret v. State*, 246 Ga. 5 (3) (268 SE2d 635) (1980); *Carroll v. Crawford*, 218 Ga. 635, 638 (2) (129 SE2d 865) (1963).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 10, 1985 —
REHEARING DENIED APRIL 25, 1985 —

*W. O'Neal Dettmering, Jr.*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.