## A99A0559. FIDES v. THE STATE.
### (516 SE2d 101)

McMurray, Presiding Judge.

Following a jury trial, Ian Keith Fides was convicted of driving under the influence of alcohol. Fides contends the trial court erred in denying his motion to suppress field sobriety and blood alcohol test results and in refusing to allow one of his attorneys to testify at trial. We affirm.

1. Although Fides filed a motion to suppress, we find nothing in the record to indicate the court either heard testimony or argument on the motion or ruled on it. Further, neither Fides nor the State provides any citation to a motion to suppress hearing; rather, they depend on the trial transcript to support their arguments. "This Court is a court for the correction of legal errors and has no jurisdiction to address issues that are raised for the first time on appeal." *McDaniel v. State*, 221 Ga. App. 43, 47 (1) (470 SE2d 719) (1996). Also, Fides may not abandon an issue in the trial court and on appeal raise questions on which the trial court has not ruled. *Angell v. Hart*, 232 Ga. App. 222, 223 (2) (501 SE2d 594) (1998). Moreover, even if a suppression hearing was held and the motion ruled on, there is no transcript of the hearing in the appellate record. Because we must uphold the trial court's findings of fact and credibility determinations at a suppression hearing unless shown to be clearly erroneous, and because the absence of the transcript from the record makes that showing impossible, " 'we must assume as a matter of law that the evidence adduced at the hearing supported the trial court's denial of the motion to suppress. [Cit.]' " *Lambropoulous v. State*, 234 Ga. App. 625, 626 (2) (507 SE2d 225) (1998).

2. The trial court did not err in refusing to let one of defendant Fides' attorneys testify that defense counsel had difficulty obtaining the police report of Fides' arrest. Pretermitting whether the attorney was competent to testify, his testimony was irrelevant. The report was available to defendant Fides before trial. The arresting officer was available for cross-examination about the arrest and about any discrepancies that may have appeared in the report. The fact that Fides' attorney initially had trouble getting the report did not bear on any issue to be tried by the jury and was, therefore, irrelevant.

OCGA § 24-2-1. The exclusion of irrelevant evidence is not error. *Muse v. State*, 160 Ga. App. 272, 273 (2) (287 SE2d 224) (1981).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 12, 1999.

*Chestney Hawkins Law Firm, Michael M. Hawkins*, for appellant.

*Joseph J. Drolet, Solicitor, Ronda K. Currie, Assistant Solicitor*, for appellee.